STATE, Plaintiff in error, vs. WINKLER, Defendant in error.

*June 10—July 12, 1949.*

For the plaintiff in error there was a brief by the *Attorney General,* and *William A. Platz* and *Roy G. Tulane,* assistant attorneys general, and *Lewis J. Charles,* district attorney of Taylor county, and oral argument by *Mr. Platz.*

For the defendant in error the cause was submitted on the brief of *Oscar Rademacher* of Medford.

FRITZ, J.   The order under review dismissed an action against the defendant in error, Alfred F. Winkler, who was charged with having in his possession and transporting on August 29, 1948, a rifle other than a .22 rim-fire in territory inhabited by deer, in violation of conservation commission order No. M-40 (Revise 5).

The action was commenced in justice court, which found the defendant guilty of the offense charged.   He appealed to the circuit court.   There, upon a trial to a jury, defendant contended that his transportation of the gun was solely for the purpose of returning it to a gun repairer for further repairs; that he did not intend to hunt that evening; and that finding that his car was not working properly he decided to return home with it when he was met by a conservation warden and arrested.   The

jury returned a verdict finding the defendant guilty of the offense charged. But in connection therewith the jury, in answer to a special question submitted by the court, found that the defendant did not intend to use the gun for hunting at the time in question. In view of this finding the court concluded that there was simply the question of whether the mere carrying of the gun under such circumstances was in violation of said conservation commission order No. M-40 (Revise 5); and the court concluded that the order did not apply under this situation, and it would be unreasonable if it did.

Said order No. M-40 (Revise 5) is an order adopted by the conservation commission pursuant to the power and authority delegated in sec. 23.09 (7), Stats., which provides:

"The commission is hereby authorized to make such rules and regulations, inaugurate such studies, investigations and surveys, and establish such services as they may deem necessary to carry out the provisions and purposes of this act, and any violation of any provisions of this act, or of any rules or regulation promulgated by the commission, shall constitute a misdemeanor and be punished as hereinafter provided. . . ."

The validity of this delegation of power to the conservation commission to establish rules and regulations for the protection, development, and use of fish and game was upheld in *State v. Sorenson* (1935), 218 Wis. 295, 260 N. W. 662.

In sec. 2 of order No. M-40 there is a recital that the commission does hereby find and determine that it is reasonably necessary to pass certain regulations concerning the possession of firearms in areas inhabited by deer during the closed season for deer in order to insure adequate protection for such animals.

Sec. 3 (a) of said order provides (so far as here material):

"It shall be unlawful for any person or persons to carry in any manner or have in their possession or under their control any rifle other than a .22 rim-fire, . . . from April 1 of each year to the following January 1, both dates inclusive, while

being in or on or traversing any forests, fields or other areas frequented or inhabited by deer in the counties of . . . Taylor, . . . except that when an open season for deer occurs in any of the before-mentioned counties, any person or persons may carry lawful firearms and ammunition into and onto areas frequented or inhabited by deer during the period of time beginning five days prior to the opening of the deer season. . . ."

And in sub. (b) of sec. 3, it is provided that,—

"Nothing in the provisions of this order shall permit any person or persons to transport or carry any firearms prohibited by this order in any of the counties named in paragraph (a) of this section during the open deer season established for bow and arrow hunting in said counties."

In view of these provisions, it is evident that the carrying or transportation of the prohibited firearms during the closed season evidently constitutes the most material or important element of the offense defined in the order. On the other hand, the intent to hunt is not stated to be or to constitute an essential element of the offense defined in the order, nor is there any basis therein for deeming the absence of proof of such intent a defense when a violation is charged. Consequently, the jury's and the court's finding that defendant did not hunt or intend to use the gun for hunting at the time in question was immaterial.

*By the Court.*—The circuit court's order under review herein is reversed and the cause remanded with directions to enter judgment finding the defendant guilty of having in his possession and transporting a rifle other than a .22 rim-fire in territory inhabited by deer.