IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert Eugene HANKEL, Attorney at Law.

Supreme Court

*No. 83–933–D. Submitted on briefs October 1, 1985.—*
*Decided November 26, 1985.*
(Also reported in 376 N.W.2d 848.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

For the appellant, Robert Eugene Hankel, there were briefs by *Robert E. Hankel* and *Schoone, McManus, Hankel, Ware & Fortune, S.C.*, Racine.

For the Board of Attorneys Professional Responsibility there was a brief by *Michael Ash* and *Godfrey & Kahn, S.C.*, Milwaukee.

This is an appeal from the referee's recommendation that the license of Robert E. Hankel to practice law in Wisconsin be suspended for 90 days for unprofessional conduct and, further, that the reinstatement of his license be conditioned upon his filing sufficient proof that he has recovered from the medical condition to which his misconduct had been found attributable and that he will be able to function properly in the continued practice of law. Attorney Hankel's misconduct consisted of neglect of two probate matters, the failure to seek his client's lawful objectives through reasonably available means in one of those estates, and his failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) into the two estate matters, as well as a third matter. Because the referee found Attorney Hankel's misconduct to have been caused by a medical condition, we determine that a definite period of suspension of Attorney Hankel's license is not appropriate discipline. Rather, we impose an indefinite suspension of Attorney Hankel's license to practice law, terminable upon his satisfactory showing of recovery from the medical condition that caused the misconduct.

Attorney Hankel was licensed to practice law in Wisconsin in 1950 and practices in Milwaukee. He was privately reprimanded by the Board in April, 1979, for his neglect of five client matters and several instances of failing to respond to Board inquiries into those matters. The referee in this proceeding is the Honorable John A. Fiorenza, reserve judge.

Following a hearing, the referee found that Attorney Hankel, who had been retained as attorney for an estate in 1978, failed to respond to the requests of the personal representative to file an amended estate tax return to correct an erroneous listing of approximately

$2,000 as an asset in the estate, failed to respond to inquiries from the Board into the matter, and failed to file an amended tax return in the estate, resulting in financial loss to the estate. The referee concluded that Attorney Hankel thereby violated SCR 20.32(3), proscribing neglect of a legal matter, and SCR 20.35(1)(a), prohibiting a lawyer from intentionally failing to seek the lawful objectives of a client through reasonably available means.

In a second estate, in which he acted as personal representative in 1982, Attorney Hankel failed to file an inventory within the prescribed period, did not respond to a notice to file an inventory, did not reply to an order issued by the circuit court to file the inventory, failed to appear in response to an order to show cause issued by the court, failed to appear at a hearing on that order to show cause, and was ultimately removed as personal representative. Further, Attorney Hankel failed to respond to the Board's inquiries into the matter. The referee concluded that Attorney Hankel neglected the estate matter, in violation of SCR 20.32(3).

In a third matter, although the referee concluded that the Board failed to establish by clear and convincing evidence that Attorney Hankel engaged in misconduct in his representation of a divorce client, the referee found that Attorney Hankel failed to respond to Board inquiries into the matter and that this failure, as well as his failure to respond to the Board in the two estate matters, violated SCR 22.07(2).

On the basis of testimony of a psychiatrist and a psychologist, the referee found that Attorney Hankel suffered from a "significant mental illness which has materialized itself into a work inhibition syndrome" and that Attorney Hankel's mental state was the cause of "the delay and ineffectual representation of clients" in these matters. The psychiatrist also testified that he

had briefly treated Attorney Hankel with medication, which was discontinued because of undesirable side effects, that other forms of psychotherapy might be helpful, and that, to his knowledge, no one was treating Attorney Hankel subsequent to March 1, 1984.

In this appeal Attorney Hankel contended the court's rules governing attorney discipline, SCR chapters 21 and 22, are constitutionally infirm in that they fail to provide sufficient notice concerning what constitutes misconduct sufficient to render an attorney liable to discipline and what specific discipline will be imposed in response to specific acts of misconduct. He argued that the term "misconduct" is so vague as to make it impossible for an attorney to determine with any degree of certainty what acts would so qualify. It is his further contention that the vagueness is not cured by the substantial body of case law in attorney discipline matters for the reason that a lawyer's conduct does not necessarily fit that which has been considered by the court in prior cases.

In addition, Attorney Hankel argued that the Board, the State Bar of Wisconsin, and the district professional responsibility committees apply and enforce the disciplinary rules unequally. He maintained that favorable treatment is given to "politically influential and powerful individuals, often having direct connections with the Board of Attorneys Professional Responsibility and other enforcement bodies." Attorney Hankel raised this argument before the referee in the disciplinary proceeding, but he presented no proof in support of his allegations.

In order to submit such proof, Attorney Hankel contended he must be permitted discovery of the confidential files of the Board and the district committees. Without such discovery, Attorney Hankel argued, he is prevented from demonstrating the unequal treatment af-

forded those lawyers he alleged had been impermissibly classified on the basis of firm size, wealth and power, as this unequal treatment is most evident in those cases the Board has not prosecuted, the records of which are kept confidential.

In response to Attorney Hankel's vagueness argument, the Board took the position that not only does SCR 21.05 specify what constitutes "misconduct," but the provisions of the Code of Professional Responsibility, SCR Chapter 20, further specify attorney misconduct. In addition, it argued, the Board's complaint in this proceeding set forth the specific provisions of the Code which Attorney Hankel was alleged to have violated. Concerning the argument that the court's rules do not establish precise punishments for specific acts of misconduct, the Board contended that the range of permissible discipline, from private reprimand to license revocation, is sufficient. The Board argued that determinate discipline is inappropriate in attorney disciplinary proceedings, the purpose of which is not to punish the attorney but to protect the public, the courts and the legal profession from incompetent and unfit attorneys. SCR 21.03 (5). In opposition to Attorney Hankel's request for discovery of confidential disciplinary files, the Board argued that Attorney Hankel has failed to establish a *prima facie* case of discriminatory prosecution and that, absent a demonstrated need, he should be prohibited from reviewing those confidential files.

We determine Attorney Hankel's constitutional arguments to be without merit. *See, In Matter of Complaint Against Seraphim*, 97 Wis. 2d 485, 497–499, 294 N.W.2d 485 (1980). Likewise meritless is his request for discovery of the confidential files of the disciplinary authorities in the hope of finding a pattern of selective enforcement.

With respect to appropriate discipline for his unprofessional conduct, Attorney Hankel, while not contesting the referee's factual findings, noted that he has paid the personal representative in the estate the additional tax assessed because of the inclusion of the erroneous asset and that his delay in the other estate resulted in no financial harm and, in fact, produced a benefit on the basis of an inflated appraisal ultimately used in the estate's inventory. Attorney Hankel opposed the referee's recommendation that his license be suspended for 90 days on the ground that such suspension bears no relation to misconduct found to have been caused by a medical condition rather than by incompetence or intentional misconduct. He did not object, however, to the referee's recommendation concerning his furnishing satisfactory proof of recovery before being permitted to continue practicing law.

The Board supported the referee's recommendation of discipline, citing to the testimony of the psychiatrist, who had been unaware of Attorney Hankel's private reprimand when he considered his condition and who conducted no independent investigation of how Attorney Hankel was functioning in the practice of his profession. According to the psychiatrist, Attorney Hankel has not been treated for his medical condition since March, 1984, and from this the Board argued that Attorney Hankel apparently is taking no steps to correct the problems which caused his misconduct.

We conclude that Attorney Hankel's medical condition, his "work inhibition syndrome," does not excuse his neglect of estate matters and his repeated failure to respond to Board inquiries into his conduct. Yet, because his misconduct was found to have been caused by a medical condition, it is not appropriate that his license be suspended for a definite period. His license

must be suspended until he is able to satisfactorily establish that his medical condition no longer presents a danger to his clients, the legal system and the public. Indeed, the length of that indefinite suspension may exceed the 90 days recommended by the referee.

IT IS ORDERED that the license of Robert E. Hankel to practice law in Wisconsin is suspended indefinitely, effective January 1, 1986.

IT IS FURTHER ORDERED that the license of Robert E. Hankel to practice law in Wisconsin shall be reinstated by the court upon satisfactory proof, filed with the Board of Attorneys Professional Responsibility, that the medical condition of Robert E. Hankel no longer presents a danger to the interests of his clients, the courts and the public.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Robert E. Hankel pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Hankel of his inability to pay the costs within the time specified, the license of Attorney Robert E. Hankel to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Attorney Robert E. Hankel comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

STEINMETZ, J. (concurring). I find the so-called "significant mental illness which has materialized itself into a work inhibition syndrome," advanced by the attorney's experts, to be so vague, uncertain and so self-serving that it is not worthy of consideration. I would

require that this condition be established as a well-recognized mental illness resulting in a similar state of incapacity in others before recognizing it as anything other than a conjured excuse for Attorney Hankel to not properly, diligently represent his clients.

The psychiatrist, in his report which is an exhibit, stated: "His clinical presentation at this time appears to be related more to a simple work inhibition syndrome than a severe clinical depression." The doctor noted that the attorney's major problem is trying to deal with a bad habit of procrastination. This statement does not support a conclusion of mental illness and was not stated to any psychiatric certainty. In testimony, the doctor stated: "I think that the work inhibition is very strongly related to a product of his depression." The doctor did testify that Attorney Hankel was depressed but his condition was not a severe clinical depression. The mental illness itself is never identified, only that it has resulted in depression. The depression was stated to be "clinical depression" but not "psychotic depression" and not severe clinical depression.

The psychologist stated there was a "moderate level of depression [mild] with underlying paranoid trends."

Neither of the expert's opinions rise to the level of acceptable considerations for explaining work delay by Attorney Hankel, in my opinion.

I do concur, however, in the discipline since it appears in the circumstances of this attorney's misconduct to be the better manner of protecting the public from any potential future misconduct.

LOUIS J. CECI, J. (dissenting). I dissent from the majority opinion insofar as it follows the referee's error in referring to Mr. Hankel's misconduct as being related to a medical condition.

The imaginative "medical condition" claimed by Mr. Hankel should not be recognized nor accepted by this

court as a ground for the negligence of this lawyer throughout these proceedings.

Neglect of legal matters to the degree evidenced here, after previous discipline, has now produced a new and imaginative "mental illness." According to the referee's recommendation, Mr. Hankel is suffering from a "significant mental illness which has materialized itself into a work inhibition syndrome."

I suggest that many lawyers and judges with significant work loads may have occasional periods during which they suffer from a "work inhibition syndrome." I further make bold to suggest that this usually occurs right after the first severe winter snowstorm or on a spring Thursday afternoon during the golfing season. However, they recognize their professional responsibilities to their clients and the public and complete their tasks.

The majority opinion is unnecessarily complicating the disciplinary process by adopting this new form of mental illness. Recoveries will undoubtedly be remarkably swift. I, therefore, dissent.