IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST WENDY A. NORA, Attorney at Law.

Supreme Court

*No. 92-1987-D. Filed February 17, 1993.*

(Also reported in 495 N.W.2d 99.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Wendy A. Nora to practice law in Wisconsin be suspended for a period of 30 days as discipline reciprocal to that imposed on her in Minnesota for professional misconduct. That misconduct consisted of making misrepresentations concerning the reopening

and capitalization of a bank, failing to adequately investigate the person who was to provide capital to the bank, improperly authorizing the issuance of cashier checks by the bank, bringing a frivolous claim against a bank alleging it had obtained an *ex parte* replevin order against her clients in bad faith, transferring assets of her law partnership in Minnesota to a bank account in the name of the partnership in an attempt to insulate those assets from collection efforts on behalf of the bank that had obtained an award of costs in the frivolous action matter and bringing litigation primarily as a delay tactic and asserting in it a theory that was not justified by existing law.

As discipline for that misconduct, the Minnesota Supreme Court suspended Attorney Nora's license for a minimum of 30 days, commencing January 19, 1990, following which she would be permitted to petition for reinstatement, provided she successfully completed the professional responsibility portion of the Minnesota bar examination. Attorney Nora's petition for license reinstatement was denied on July 11, 1991, in part because she disclosed that, while her license was suspended, she advised a client about a potential federal lawsuit and drafted a petition for the client to file pro se in the federal district court.

We accept the referee's recommendation that Attorney Nora's license be suspended for 30 days as discipline reciprocal to that imposed by Minnesota Supreme Court. Although the Minnesota suspension continued beyond the specified 30-day period, that continued suspension was not in response to Attorney Nora's misconduct for which the suspension was initially imposed but, rather, the result of her conduct following the imposition of that suspension. The case before us concerns only the

professional misconduct that led to her initial license suspension.

Attorney Nora was admitted to practice law in Wisconsin in 1975 and licensed to practice law in Minnesota in 1985. She currently practices in Madison and has not previously been the subject of an attorney disciplinary proceeding in this state.

Based on the decision of the Minnesota Supreme Court, the referee, Attorney Rudolph P. Regez, made findings of fact consistent with that court's findings in respect to Attorney Nora's professional misconduct in Minnesota. The referee concluded that Attorney Nora's misconduct in Minnesota would constitute professional misconduct under the Wisconsin Rules of Professional Conduct for Attorneys and, consequently, warranted imposition of identical discipline, pursuant to SCR 22.25.[1] Accordingly, the referee recommended that

---

[1] SCR 22.25 provides:

**Reciprocal discipline.** (1) An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

(2) Upon the filing of a certified copy of a judgment or order of another jurisdiction imposing discipline or suspending for medical incapacity of an attorney admitted to practice in this state, the administrator shall file a complaint with the clerk of the supreme court containing: . . .

(5) Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:

(a) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

Attorney Nora's license to practice law in Wisconsin be suspended for 30 days. The referee did not recommend that Attorney Nora be required to successfully complete the professional responsibility portion of the Wisconsin bar examination, as she had been required to do in respect to the Minnesota bar exam, as a condition of license reinstatement.

The referee recommended that the court require Attorney Nora to pay the full costs of this proceeding, even if they exceed the $750 costs assessed against her in the Minnesota disciplinary proceeding. In making that recommendation, the referee rejected Attorney Nora's contention that, as costs were a part of the discipline imposed in Minnesota, the identical amount of costs must be assessed against her in this proceeding in order for the discipline imposed here to be reciprocal. Attorney Nora reiterated that contention in an objection to costs filed in this proceeding. We reject that argument for the same reason set forth by the referee: imposition of costs is not a part of discipline imposed on an attorney for professional misconduct.

In her objection to costs, Attorney Nora requested, in the alternative, that she be permitted to pay the costs of this proceeding at the rate of $100 per month, on the basis of her unspecified financial condition. In its response, the Board asked that the court require Attorney Nora to pay the costs within six months of the date of the order suspending her license. We accept the Board's recommendation; in the event Attorney Nora is unable to pay the costs within that time, she may make a showing to this court of her inability to do so.

(c) The misconduct established justifies substantially different discipline in this state.

IT IS ORDERED that the license of Wendy A. Nora to practice law in Wisconsin is suspended for a period of 30 days, effective April 1, 1993.

IT IS FURTHER ORDERED that within six months of the date of this order Wendy A. Nora pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Wendy A. Nora to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Wendy A. Nora comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.