In the Matter of Disciplinary Proceedings Against
Eric Leighton Crandall, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Eric Leighton Crandall, Respondent.

Supreme Court

*No. 2005AP2568–D.—Decided January 20, 2006.*

2006 WI 6

(Also reported in 708 N.W.2d 690.)

The Court entered the following order on this date:

The Office of Lawyer Regulation (OLR) has filed a complaint asking this court, pursuant to SCR 22.22, to suspend Attorney Eric Leighton Crandall's license to practice law in Wisconsin for a period of 90 days as discipline reciprocal to that imposed upon Attorney Crandall in Minnesota.

Attorney Crandall was admitted to practice law in Wisconsin in 1991. He was admitted to practice law in Minnesota in 1988.

On July 28, 2005, the Minnesota Supreme Court ordered that Attorney Crandall be indefinitely suspended from the practice of law, with the right to seek reinstatement after three months, for professional misconduct consisting of neglecting client matters, failing to appear at his clients' court hearings, failing to comply with the rules of discovery, and failing to cooperate fully with the Director of the Office of Lawyers Professional Responsibility. The OLR's complaint alleges that by virtue of having received public discipline imposed by the Minnesota Supreme Court for his violation of the Minnesota Rules of Professional Conduct, Attorney Crandall is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. The complaint also alleges that by failing to notify the OLR of the suspension of his Minnesota law license within 20 days of the effective date of that jurisdiction's imposition of a suspension for professional misconduct, Attorney Crandall violated SCR 22.22(1).

SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless the procedure in the other jurisdiction was so lacking in

notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court could not accept as final the misconduct finding; or the misconduct justifies substantially different discipline here.

Attorney Crandall filed a letter response to the OLR's complaint on November 29, 2005 stating two reasons why he believes reciprocal discipline to be inappropriate. First, he says the punishment imposed by the Minnesota Supreme Court exceeds the punishment that the court would impose under similar circumstances. He says, "Three months suspension for essentially missing three court appearances is excessive. Additionally two of the seven Minnesota Supreme Court Justices disagreed with the length of the suspension." (Two justices would have allowed Attorney Crandall to seek reinstatement after two months.) Second, Attorney Crandall says he does not believe it is appropriate for this court to impose discipline for acts or omissions outside the state's borders.

None of the three exceptions set forth in SCR 22.22(3) for imposing reciprocal discipline exists here. The documents relating to the Minnesota disciplinary action that are attached to the OLR's complaint indicate that Attorney Crandall had the opportunity to be heard in the Minnesota action. There is no showing that there was such an infirmity of proof establishing the misconduct that this court could not accept as final the misconduct findings made by the Minnesota Supreme court. While Attorney Crandall argues that the misconduct justifies substantially different discipline in Wisconsin, it appears that a 90–day suspension of an attorney's license is consistent with what would be imposed on Wisconsin lawyers for similar misconduct.

We conclude that it is appropriate to impose reciprocal discipline to that imposed by the Minnesota Supreme Court.

IT IS ORDERED that the license of Attorney Eric Leighton Crandall to practice law in Wisconsin is suspended for three months, effective February 20, 2006, and until the further order of this court;

IT IS FURTHER ORDERED that Attorney Crandall shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.