IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Eric L. CRANDALL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Eric L. CRANDALL, Respondent.

Supreme Court

*No. 2008AP570–D. Decided July 31, 2008.*

2008 WI 112

(Also reported in 754 N.W.2d 501.)

¶ 1. PER CURIAM. In this matter we review whether discipline reciprocal to that imposed by the Supreme Court of Minnesota in December 2007 should be imposed against Attorney Eric L. Crandall.

¶ 2. Attorney Crandall was admitted to the practice of law in this state in September 1991. He currently maintains a law practice in New Richmond.

¶ 3. Attorney Crandall has been the subject of professional discipline in this state on two prior occasions. As will be discussed more fully below, Attorney Crandall received a three-month suspension in February 2006 as discipline reciprocal to that imposed by the Supreme Court of Minnesota in July 2005 for, among other things, neglecting three separate client matters, failing to communicate with clients, failing to comply with discovery rules, and failing to cooperate with a disciplinary investigation. *In re Disciplinary Proceedings Against Crandall,* 2006 WI 6, 287 Wis. 2d 102, 708 N.W.2d 690; *see also In re Petition for Disciplinary Action against Crandall,* 699 N.W.2d 769 (Minn. 2005). Following that suspension, his Wisconsin license was reinstated. In March of this year, this court publicly reprimanded Attorney Crandall for knowingly advancing a claim that was unwarranted under existing law, for failing to act with reasonable diligence and promptness, for failing to keep his clients reasonably informed about the status of their matter, for failing to return his clients' file in a timely manner, and for failing to cooperate with the grievance investigation performed by the Office of Lawyer Regulation (OLR). *In re Disciplinary Proceedings Against Crandall,* 2008 WI 14, 307 Wis. 2d 536, 745 N.W.2d 679.

¶ 4. Pursuant to the practice of the Supreme Court of Minnesota, the July 2005 disciplinary action suspended Attorney Crandall's license to practice law in Minnesota indefinitely, with the proviso that Attorney Crandall could petition for reinstatement after 90 days. Although Attorney Crandall sought reinstatement of his license to practice law in Wisconsin following the expiration of his reciprocal three-month suspension in this state, he never sought the reinstatement of his Minnesota license.

¶ 5. Attorney Crandall's Minnesota license remained in suspended status at the time that the Minnesota disciplinary authorities filed their most recent disciplinary petition. It should be noted that the misconduct that formed the basis for the most recent disciplinary petition differed from the misconduct in the three representations that formed the basis for the July 2005 Minnesota disciplinary action. According to the Minnesota disciplinary materials that the OLR attached to its complaint in this proceeding, the misconduct alleged in the most recent disciplinary complaint in Minnesota involved Attorney Crandall's failure to act with diligence and promptness in representing a client, his failure to communicate with his clients, his engaging in dishonesty or misrepresentation, and his failure to cooperate with the Minnesota disciplinary investigation. Attorney Crandall did not contest the disciplinary petition, but instead entered into a stipulation in which he admitted the allegations in the disciplinary petition and joined with the Minnesota disciplinary authorities in recommending an extension of the suspension of his license to practice law in Minnesota for an additional 30 days.

¶ 6. In line with its practice of indefinite suspensions, the Supreme Court of Minnesota accepted the

37

stipulation and phrased its December 2007 disciplinary action as a 30–day extension of his ongoing suspension. The Supreme Court of Minnesota stated that Attorney Crandall was not allowed to petition for reinstatement of his Minnesota license for a minimum of 30 days following the date of the December 10, 2007, order. Thus, the suspension of Attorney Crandall's Minnesota license lasted for at least an additional 30 days beyond what it would have without the December 2007 disciplinary action.

¶ 7.  On March 6, 2008, the OLR filed a complaint against Attorney Crandall that initiated the current disciplinary proceeding in this court. Counts 1–7 of the complaint related to matters that were not the subject of discipline imposed in another jurisdiction. Count 8 related to the OLR's request under SCR 22.22[1] for the

---

[1] SCR 22.22 provides:   Reciprocal discipline.

(1)   An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2)   Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a)   A certified copy of the judgment or order from the other jurisdiction.

(b)   A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

imposition of discipline in Wisconsin reciprocal to the 30–day suspension imposed by the Supreme Court of Minnesota in December 2007. Count 9 alleged that Attorney Crandall had failed to notify the OLR of the suspension of his license to practice law in Minnesota within 20 days of the effective date of that suspension, in violation of SCR 22.22(1).

¶ 8. The OLR's complaint included a motion requesting the court to issue an order directing Attorney Crandall to show cause based upon the grounds set

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

forth in SCR 22.22(3) why the imposition of discipline identical to that imposed in Minnesota would be unwarranted. The court issued such an order to show cause on March 7, 2008.

¶ 9. The court's order to show cause apparently reached Attorney Crandall before he was personally served with the OLR's complaint and motion. On March 17, 2008, Attorney Crandall filed a letter stating that since he had not seen the OLR's complaint or motion, he requested that the order to show cause be dismissed on due process grounds for lack of service of the underlying complaint and motion or that he be given additional time to respond. His March 17, 2008, letter also objected to the imposition of reciprocal discipline by claiming that this court has no legal authority to punish conduct that occurred outside the borders of this state.

¶ 10. On March 19, 2008, the court issued an order directing the OLR to respond to Attorney Crandall's March 17, 2008, letter, including the allegations of lack of service. On March 20, 2008, the OLR responded that it had been informed that Attorney Crandall had been personally served with the complaint and the motion for an order to show cause on March 18, 2008. With respect to Attorney Crandall's objection based on the allegedly unconstitutional extraterritorial application of Wisconsin law, the OLR requested that the objection be rejected as patently meritless or that it be given additional time to brief the issue.

¶ 11. On March 21, 2008, the court issued an order directing Attorney Crandall to advise the court in writing by March 27, 2008, whether he acknowledged the service of the OLR's complaint and motion, and whether he was withdrawing his motion to dismiss based on lack of service. The order further stated that if

Attorney Crandall was not withdrawing that motion, he was required to provide specific argument and authority in support of his motion to dismiss. The order also extended the time for Attorney Crandall to respond to the order to show cause until April 7, 2008, and directed Attorney Crandall to include any constitutional arguments against the imposition of reciprocal discipline in his response to the order to show cause.

¶ 12. Attorney Crandall did not file any document by March 27, 2008, contesting that he had been served on March 18, 2008, or providing specific argument in support of his motion to dismiss the order to show cause due to lack of proper service.

¶ 13. On April 7, 2008, Attorney Crandall filed his response to the order to show cause. His response initially objected to the inclusion of the counts relating to reciprocal discipline (Counts 8–9) in the OLR's complaint since the first 7 counts addressed claims of alleged professional misconduct that must be addressed through the normal process of referral to a referee for fact-finding and a recommendation, and then review by this court. Attorney Crandall's response also challenged the imposition of reciprocal discipline because the copies of the Minnesota disciplinary materials attached to the OLR's complaint were not certified copies, as required by SCR 22.22(2)(a). In addition, the response contended that because Attorney Crandall had not sought reinstatement of his Minnesota license, the December 2007 disciplinary action by the Supreme Court of Minnesota could not be said to be new discipline that could form the basis for reciprocal discipline in Wisconsin. Finally, Attorney Crandall repeated his argument that this court was prohibited by the United States Constitution and the Wisconsin Constitution from punishing conduct that occurred in another juris-

diction. Among other things, he pointed to Article VII, § 8 of the Wisconsin Constitution, which states that Wisconsin's circuit courts have original jurisdiction in all civil and criminal matters "within this state," and to various decisions of this court and federal courts to the effect that a state's statutes do not have effect beyond the borders of the enacting state. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 421 (2003) (state cannot punish defendant for conduct that was lawful where it occurred); *State v. Sorenson,* 218 Wis. 295, 260 N.W. 662 (1935) (effect of legislative acts limited to borders of state in which enacted).

¶ 14.  On April 10, 2008, Attorney Crandall filed his answer and affirmative defenses to the OLR's complaint. The answer did not include any affirmative defense relating to insufficiency of service of process.

¶ 15.  On May 14, 2008, this court issued an order regarding the inclusion of reciprocal discipline counts and "standard" professional misconduct counts (i.e., those not arising from discipline imposed in other jurisdictions) in the same complaint. Given the contrast between the streamlined process for considering reciprocal discipline and the lengthier process for "standard" professional misconduct counts under SCRs 22.15–.17, we agreed with Attorney Crandall's position that the reciprocal discipline counts should not have been combined in the OLR's complaint with unrelated counts arising out of other grievances subject to the standard grievance procedure. We therefore ordered that the reciprocal discipline counts (Counts 8–9) would be considered by this court separately from Counts 1–7, which were referred to a referee for further proceedings under SCRs 22.15 and 22.16. We now direct that in all future situations involving the potential imposition of

reciprocal discipline, any reciprocal discipline counts should be brought in a separate proceeding.

¶ 16. The May 14, 2008, order also denied Attorney Crandall's motion to dismiss the order to show cause for lack of service of the underlying complaint and motion. We construed Attorney Crandall's failure to respond to the March 21, 2008, order as a withdrawal of that motion. Attorney Crandall has not objected to the denial of his motion or asked for reconsideration of that decision.

¶ 17. We now turn to the consideration of reciprocal discipline for the 30–day suspension imposed in December 2007 by the Supreme Court of Minnesota. Under SCR 22.22(3), this court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; "[t]here was such an infirmity of proof establishing the misconduct . . . that [this court] could not accept as final" the other jurisdiction's finding of professional misconduct; or "[t]he misconduct justifies substantially different discipline" in this state.

¶ 18. Attorney Crandall's response to the order to show cause does not tie any of his arguments to the three bases for objecting to reciprocal discipline in SCR 22.22(3). Although that fact could be a sufficient basis for rejecting his arguments, we will briefly address the merits of his claims.

██

¶ 19. Attorney Crandall first argues that the copies of the Minnesota disciplinary materials attached to the OLR's complaint were not certified, as provided in SCR 22.22(2)(a). Although the rule does provide for a certified copy of the disciplinary judgment or order

43

issued by the other jurisdiction to be attached to the OLR's complaint, we conclude that the attachment of non-certified copies in this case does not require the dismissal of the reciprocal discipline counts. Any error here was technical and did not prejudice Attorney Crandall since he never alleged that the documents attached to the OLR's complaint were not authentic copies of the disciplinary order and filings in the Supreme Court of Minnesota.

■

¶ 20.    Next we consider Attorney Crandall's claim that reciprocal discipline should not be imposed because the 30–day suspension in Minnesota was not "new discipline." This argument is without merit. The order issued by the Supreme Court of Minnesota noted that Attorney Crandall's Minnesota license was already under suspension and therefore the court extended the suspension for an additional 30 days before Attorney Crandall could petition for reinstatement. Thus, the addition of a new 30–day period before a petition for reinstatement could be filed clearly constituted new discipline.

¶ 21.    In addition, although Attorney Crandall argues that he should not be punished for not seeking reinstatement of his Minnesota license immediately upon expiration of the original 90–day suspension, he does not explain why the reinstatement of his Minnesota license would have caused the Supreme Court of Minnesota not to impose discipline for the professional misconduct at issue in that state's most recent disciplinary proceeding. Indeed, Attorney Crandall does not allege that he objected to the imposition of the recent 30–day suspension on the ground that his misconduct was covered by the original 90–day suspension. Rather, he stipulated to the misconduct and agreed that an

additional 30–day suspension would be appropriate discipline in the Minnesota proceeding. Moreover, the petition upon which the 30–day extension was based referenced misconduct that was different than the conduct that led to the original 90–day Minnesota license suspension imposed in July 2005.

¶ 22. As for Attorney Crandall's constitutional arguments that this court lacks authority or jurisdiction to "punish" him for misconduct that occurred in Minnesota,[2] they are based on an improper understanding of this court's constitutional obligation to regulate the practice of law in Wisconsin and of the nature of professional discipline. The Wisconsin Constitution vests the judicial authority of the state in a unified court system, Wis. Const. art VII, § 2, and gives this court superintending and administrative authority over all courts in the state. Wis. Const. art. VII, § 3(1). As we have noted in prior cases, because attorneys are an important part of the administration of justice in the courts of this state and because the constitutional grants of authority obligate this court to ensure that

---

[2] Although we need not and do not decide the issue, as a factual matter it is not clear that Attorney Crandall's misconduct occurred solely in Minnesota. Although the lawsuit at issue in the Minnesota disciplinary proceeding was filed in a federal district court located in Minnesota, Attorney Crandall apparently practiced out of his office in Wisconsin. Thus, by way of example, to the extent that he failed to prepare relevant court filings or to communicate with his clients, his misconduct could be said to have occurred at his law office in Wisconsin. We need not decide the issue because we conclude that we are not prohibited from imposing reciprocal discipline on an attorney licensed in Wisconsin for conduct that occurred in another jurisdiction.

45

courts function efficiently and effectively to provide for the due administration of justice, this court has the inherent and exclusive authority and power to regulate and discipline members of the bar in this state. *See, e.g., Flynn v. Department of Admin.,* 216 Wis. 2d 521, 550, 576 N.W.2d 245 (1998); *State ex rel. Fiedler v. Wisconsin Senate,* 155 Wis. 2d 94, 454 N.W.2d 770 (1990); *In re Integration of Bar,* 5 Wis. 2d 618, 622, 93 N.W.2d 601 (1958) ("The practice of the law in the broad sense, both in and out of the courts, is such a necessary part of and is so inexorably connected with the exercise of the judicial power that this court should continue to exercise its supervisory control of the practice of the law."); *Rubin v. State,* 194 Wis. 207, 214–15, 216 N.W. 513 (1927) ("This power on the part of the courts [to supervise and discipline attorneys] is not based upon legislative action. It inheres in the nature and constitution of judicial tribunals."). Thus, our imposition of discipline for professional misconduct that allegedly occurred in another state does not accord extraterritorial effect to Wisconsin's Rules of Professional Conduct for Attorneys. *See* SCR ch. 20. Rather, imposing reciprocal discipline is a means (1) to ensure that attorneys who have been granted the privilege to practice law in this state comport themselves in this state in a manner that promotes the efficient administration of the law, and (2) to protect the citizens of this state who require the assistance of a competent and trustworthy attorney.

¶ 23.   Moreover, the imposition of professional discipline related to the practice of law in this state is of a different nature than punishing an individual in Wisconsin for a criminal act wholly committed in another state. The imposition of discipline does not have as its purpose to punish the respondent attorney, but rather

46

to protect the public, the courts and the legal profession in Wisconsin from incompetent and unfit attorneys. *See In re Disciplinary Proceedings Against Hankel,* 126 Wis. 2d 390, 394, 376 N.W.2d 848 (1985). The imposition of professional discipline protects the public by deterring additional misconduct either by the disciplined attorney or by other members of the Wisconsin bar.

■■

¶ 24.   Consequently, we conclude that the OLR has established that Attorney Crandall was the subject of a 30–day suspension imposed by the Supreme Court of Minnesota due to his professional misconduct. Moreover, we determine that none of the three exceptions in SCR 22.22(3) to the imposition of reciprocal discipline in this state applies to Attorney Crandall's situation. Thus, we determine that Attorney Crandall's license to practice law in this state should be suspended under SCR 22.22(3) for a period of 30 days as reciprocal discipline to that imposed by the Supreme Court of Minnesota.[3]

¶ 25.   Because Counts 1–7 of the OLR's complaint remain pending before a referee and will be addressed by this court at a later date, we will not impose costs against Attorney Crandall at this time.

¶ 26.   IT IS ORDERED that the license of Eric L. Crandall to practice law in Wisconsin is suspended for a period of 30 days, effective September 2, 2008.

---

[3] Although generally the minimum length of a suspension of an attorney's license in this state is 60 days, in reciprocal discipline cases we will impose a 30–day suspension when doing so makes the discipline identical to that imposed in the other jurisdiction. *See In re Disciplinary Proceedings Against Grady,* 188 Wis. 2d 98, 523 N.W.2d 564 (1994); *In re Disciplinary Proceedings Against Nora,* 173 Wis. 2d 660, 495 N.W.2d 99 (1993).

¶ 27.   IT IS FURTHER ORDERED that Attorney Crandall shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 28.   DAVID T. PROSSER, J. (*concurring*). I concur in the result.