# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1845-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Eric L. Crandall, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Eric L. Crandall,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CRANDALL

| | |
|---|---|
| OPINION FILED: | December 21, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

| | |
|---|---|
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1845-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Eric L. Crandall, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

   **v.**

**Eric L. Crandall,**

       **Respondent.**

**FILED**

**DEC 21, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report of Referee James Evenson recommending that the court suspend Attorney Eric L. Crandall's license to practice law in Wisconsin for 60 days. Neither party has appealed from the referee's report and recommendation.

¶2 After careful review of the matter, we adopt the referee's findings of fact and conclusions of law with respect to Attorney Crandall's misconduct and agree that the misconduct warrants a 60-day suspension of Attorney Crandall's license to

practice law in Wisconsin. The Office of Lawyer Regulation (OLR) does not seek restitution, and we do not order restitution. As is our usual custom, we order Attorney Crandall to pay the full costs of this disciplinary proceeding, which are $5,824.25 as of October 6, 2021.

¶3 Attorney Crandall was admitted to practice law in Wisconsin in 1991. He was admitted to practice law in Minnesota in 1998. He has been the subject of five prior disciplinary proceedings. In 2006, his Wisconsin law license was suspended for three months as reciprocal discipline as to that imposed by the Minnesota Supreme Court for neglecting client matters, failing to communicate with clients, failing to appear at court hearings, failing to comply with discovery rules, and failing to cooperate with the disciplinary investigation. In re Disciplinary Proceedings Against Crandall, 2006 WI 6, 287 Wis. 2d 102, 708 N.W.2d 690.

¶4 In 2008, Attorney Crandall was publicly reprimanded for advancing a frivolous claim, failing to file a client's affidavit or a brief in opposition to a motion for summary judgment, failing to keep clients reasonably informed, failing to return clients' files in a timely manner, and failing to cooperate with the OLR's investigation. In re Disciplinary Proceedings Against Crandall, 2008 WI 14, 307 Wis. 2d 536, 745 N.W.2d 679.

¶5 In addition to the public reprimand in 2008, Attorney Crandall's Wisconsin law license was suspended for 30 days as reciprocal discipline to that imposed by the Minnesota Supreme

2

Court for failing to act with diligence and promptness, failing to communicate with clients, engaging in conduct involving dishonesty and misrepresentation, and failing to cooperate with the Minnesota disciplinary investigation. In re Disciplinary Proceedings Against Crandall, 2008 WI 112, 314 Wis. 2d 33, 754 N.W.2d 501.

¶6 In 2011, Attorney Crandall's Wisconsin law license was suspended for five months for failing to hold advanced fees in trust, failing to refund unearned fees, and failing to cooperate with the OLR's investigation. In re Disciplinary Proceedings Against Crandall, 2011 WI 21, 332 Wis. 2d 698, 798 N.W.2d 183.

¶7 In 2015, Attorney Crandall was publicly reprimanded for failing to comply with the requirements of the supreme court rule relating to the duties of an attorney whose license has been suspended and failing to cooperate with the OLR's investigation. In re Disciplinary Proceedings Against Crandall, 2015 WI 111, 365 Wis. 2d 682, 872 N.W.2d 649.

¶8 On September 30, 2019, the OLR filed a seven count complaint against Attorney Crandall alleging misconduct arising out of Attorney Crandall's representation of J.C. and L.S. J.C. hired Attorney Crandall in February of 2018 to represent him in a civil action and also to represent his girlfriend, L.S., in a separate matter. J.C. had retained Attorney Crandall to do legal work for him in the past and had been satisfied with that representation. J.C. agreed to pay Attorney Crandall $2,500 for his matter and $500 for L.S.'s matter. Attorney Crandall also told J.C. he would charge a contingency fee of 25 percent.

3

¶9 On February 28, 2018, Attorney Crandall sent J.C. a "Hybrid Contingent Fee Retainer Agreement" for each representation. Under the proposed contract, if Attorney Crandall settled the case prior to a trial judgment, J.C. or L.S. would pay Attorney Crandall's fees at the rate of $295 per hour, and also pay a contingent fee of 25 percent. The agreement did not contain language concerning the placement of any advanced fees in Attorney Crandall's operating account. Neither Attorney Crandall, J.C., or L.S. signed either retainer agreement.

¶10 In March 2018, Attorney Crandall asked J.C. for the $2,500 fees for his case, and J.C. authorized Attorney Crandall to charge him $2,500 on an American Express credit card. On March 16, 2018, Attorney Crandall charged $3,500 to J.C.'s American Express card and deposited those funds, less a processing fee, into his operating account at U.S. Bank. After receiving the advanced fees, Attorney Crandall took no further action in either representation.

¶11 Attorney Crandall never provided J.C. or L.S. with notices stating Attorney Crandall's obligation to refund any unearned advanced fees and provide an accounting at the termination of the representation; Attorney Crandall's obligation to submit any unresolved fee disputes to binding arbitration within 30 days of receiving written notice of a dispute; and the ability of J.C. or L.S. to file a claim with the Wisconsin Lawyers' Fund for Client Protection in the event Attorney Crandall failed to refund unearned advanced fees.

4

¶12 J.C. emailed and called Attorney Crandall numerous times to inquire about the status of his matter, but Attorney Crandall did not substantively respond beyond a single promise that he would file a complaint within a few weeks.

¶13 J.C. terminated Attorney Crandall's representation in August 2018 in both matters. J.C. requested Attorney Crandall return the client files and refund the $3,500. On August 14, 2018, Attorney Crandall mailed J.C. the files, and indicated he would refund the advanced fees soon but failed to do so.

¶14 J.C. filed a grievance with the OLR on September 4, 2018. The OLR wrote to Attorney Crandall on November 15, 2018 asking him to respond to the grievance and requesting a copy of J.C.'s and L.S.'s files as well as Attorney Crandall's records regarding the $3,500 fee.

¶15 Attorney Crandall refunded J.C. the $3,500 advanced fee on November 16, 2018.

¶16 On December 10, 2018, the date by which the OLR had asked Attorney Crandall to respond to the grievance, Attorney Crandall faxed a letter to the OLR asking for more time to respond. After Attorney Crandall failed to respond to two more OLR requests for a response to the grievance, on February 13, 2019, the OLR moved this court for an order to show cause as to why Attorney Crandall's license should not be suspended for failure to cooperate in the investigation. Attorney Crandall eventually sent the OLR a response sufficient for it to continue its investigation. On May 1, 2019, this court granted the OLR's request to withdraw its motion for a temporary suspension.

5

¶17  The OLR's complaint alleged the following counts of misconduct:

**Count 1:** By agreeing to perform legal services pursuant to a fee agreement with a contingent fee component, where J.C. had not signed the agreement, Attorney Crandall violated SCR 20:1.5(c).[1]

**Count 2:** By charging $3,500 to J.C.'s American Express credit card, an amount that exceeded what J.C. had authorized, Attorney Crandall violated SCR 20:8.4(c).[2]

**Count 3:** By accepting advanced fees from J.C. and depositing the fees in his business account, with no evidence of an intention to utilize the alternative protection for advanced fees permitted under

---

[1] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law.  A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party.  Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[2] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

SCR 20:1.5(g), Attorney Crandall violated SCR 20:1.5(f).[3]

**Count 4:** By failing to take any action on J.C.'s or L.S.'s legal matters, Attorney Crandall violated SCR 20:1.3.[4]

**Count 5:** By failing to respond to J.C.'s multiple requests for information regarding his legal matter, Attorney Crandall violated SCR 20:1.4(a)(4).[5]

**Count 6:** By failing to promptly refund the unearned advanced fees of $3,500, Attorney Crandall violated SCR 20:1.16(d).[6]

**Count 7:** By willfully failing to timely provide information in response to the OLR's investigation,

---

[3] SCR 20:1.5(f) provides:

Except as provided in SCR 20:1.5(g), unearned fees and funds advanced by a client or 3rd party for payment of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.5(h). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[4] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[6] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Attorney    Crandall    violated    SCR 22.03(2)[7]    and
SCR 22.03(6),[8] enforceable via SCR 20:8.4(h).[9]

¶18 Attorney Crandall filed an answer to the OLR's
complaint on October 31, 2019.

¶19  A hearing was held before the referee on May 11, 2021.
Two witnesses testified at the hearing:  Attorney Crandall and
J.C.  J.C. was an angry witness, refused Attorney Crandall's
request to refer to him as either Attorney Crandall or
Mr. Crandall,  claimed that after he terminated Attorney
Crandall's representation no other lawyer would touch his case
because Attorney Crandall had tainted it, although he refused to

---

[7] SCR 22.03(2) provides:

Upon commencing an investigation, the director
shall notify the respondent of the matter being
investigated unless in the opinion of the director the
investigation of the matter requires otherwise.  The
respondent shall fully and fairly disclose all facts
and circumstances pertaining to the alleged misconduct
within 20 days after being served by ordinary mail a
request for a written response.  The director may
allow additional time to respond.  Following receipt
of the response, the director may conduct further
investigation and may compel the respondent to answer
questions,  furnish  documents,  and  present  any
information deemed relevant to the investigation.

[8] SCR  22.03(6)  provides:   "In  the  course  of  the
investigation,  the  respondent's  willful  failure  to  provide
relevant information, to answer questions fully, or to furnish
documents and the respondent's misrepresentation in a disclosure
are misconduct, regardless of the merits of the matters asserted
in the grievance."

[9] SCR 20:8.4(h) provides:   "It is professional misconduct
for a lawyer to fail to cooperate in the investigation of a
grievance filed with the office of lawyer regulation as required
by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6),
or SCR 22.04(1)."

8

disclose the names of attorneys that he had tried to retain. At the end of his testimony, J.C., said, "[y]ou're a bad person, dude. You're a bad, bad individual. . . . I don't respect you. You screwed me over, . . . I'm telling you, you're a bad person, and I hope you're happy. . . . you're a treat. You're a real tool, dude."

¶20 The referee found that the OLR had established by clear, satisfactory, and convincing evidence that Attorney Crandall violated all of the professional rules of conduct detailed in the OLR's complaint. As to the appropriate sanction, the referee agreed with the OLR that Attorney Crandall's license should be suspended for 60 days.

¶21 The referee acknowledged that Attorney Crandall has a lengthy history of disciplinary matters, and the referee noted that this court generally follows the concept of progressive discipline. However, the referee noted that J.C. was a very difficult witness who displayed extreme anger toward Attorney Crandall even though J.C. indicated he had been satisfied with Attorney Crandall's handling of prior legal matters.

¶22 The referee also noted that Attorney Crandall indicated that during his representation of J.C. and L.S., he was experiencing family health issues that included taking care of his father who was suffering from dementia, and he was trying to balance his law practice with his family responsibilities. The referee said these factors caused Attorney Crandall to be distracted and impacted his ability to manage his client responsibilities although they did not relieve him of meeting

9

those responsibilities. The referee said although Attorney Crandall's family situation was not necessarily a mitigating factor for the misconduct, it did at least explain, to some extent, some of the conduct.

¶23 The referee noted that Attorney Crandall's prior disciplinary matters involved conduct somewhat similar to what occurred in this case, i.e. neglect of client matters, failing to communicate with clients, failing to return client files in a timely manner, and failing to cooperate with the OLR's investigation. Although Attorney Crandall had suggested that a public reprimand would be an appropriate level of discipline, the referee said a reprimand would minimize the significance of Attorney Crandall's prior disciplinary history and the similarity of his past violations to the ones at issue here. The referee said even though the record would support a longer suspension, given the circumstances surrounding the entire matter, the referee deemed a 60-day suspension appropriate.

¶24 We will affirm a referee's findings of fact unless they are clearly erroneous. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 45, 660 N.W.2d 686.

¶25 There is no showing that any of the referee's findings of fact are clearly erroneous and we adopt them. We also agree

10

with the referee's legal conclusions that Attorney Crandall violated the Supreme Court Rules noted above.

¶26 With respect to the appropriate sanction, upon careful consideration, we agree that a 60-day suspension of Attorney Crandall's law license is appropriate. We reach this conclusion in spite of the fact that this is Attorney Crandall's sixth disciplinary proceeding, and, as the referee pointed out, there does appear to be a common theme running through the proceedings, which is Attorney Crandall's failure to perform the work for which he was hired.

¶27 We note, however, that it has been ten years since Attorney Crandall's last suspension, and the misconduct at issue in this case does not appear to rise to the level of the misconduct that gave rise to that five-month suspension.

¶28 Although no two disciplinary matters are identical, the imposition of a 60-day suspension is somewhat similar to the sanction imposed in In re Disciplinary Proceedings Against Harris, 2021 WI 31, 396 Wis. 2d 374, 956 N.W.2d 891, in which an attorney who had six prior disciplinary cases received a 60-day suspension for four counts of misconduct that involved failing to keep his clients informed about the status of their cases and failing to meet basic requirements with respect to court filings and court dates. In addition, this case is somewhat analogous to in In re Disciplinary Proceedings Against Hudec, 2019 WI 39, 386 Wis. 2d 371, 925 N.W.2d 540. In that case, an attorney who had been a subject of five prior disciplinary proceedings received a 60-day suspension for six counts of misconduct

11

involving failing to act with reasonable diligence and promptness in representing a client and failing to keep a client reasonably informed about the status of the matter. Based on the particular circumstances of this case, and guided by past precedent, we conclude that a 60-day suspension of Attorney Crandall's license is an appropriate sanction.

¶29 As is our normal practice, we deem it appropriate to impose the full costs of this proceeding on Attorney Crandall.

¶30 IT IS ORDERED that the license of Eric L. Crandall to practice law in Wisconsin is suspended for a period of 60 days, effective February 1, 2022.

¶31 IT IS FURTHER ORDERED that within 60 days of the date of this order, Eric L. Crandall shall pay to the Office of Lawyer Regulation the full costs of this proceeding, which are $5,824.25 as of October 6, 2021.

¶32 IT IS FURTHER ORDERED that Eric L. Crandall shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶33 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

12