# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP2036-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jeffrey M. Blessinger, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Jeffrey M. Blessinger, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BLESSINGER

| | |
|---|---|
| OPINION FILED: | December 21, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | A.W. Bradley, J., concurs (opinion filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP2036-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jeffrey M. Blessinger, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Jeffrey M. Blessinger,**

        **Respondent.**

**FILED**

**DEC 21, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Jeffrey M. Blessinger has filed a petition for the consensual revocation of his license to practice law in Wisconsin pursuant to Supreme Court Rule (SCR) 22.19.[1] Attorney Blessinger's petition states that he cannot

---

[1] SCR 22.19 provides:

    (1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme

(continued)

successfully defend against the allegations of professional misconduct arising out of seven separate Office of Lawyer Regulation (OLR) investigations concerning his conduct.  An OLR summary of those investigations and of the potential allegations of professional misconduct is attached to Attorney Blessinger's petition as Appendix A.

---

court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

2

¶2 Attorney Blessinger was admitted to the practice of law in Wisconsin in 1996. He practices family law in Baraboo, Wisconsin. Attorney Blessinger has not previously been the subject of professional discipline. However, his law license is currently administratively suspended for failure to pay state bar dues, failure to comply with mandatory continuing legal education requirements, and failure to comply with trust account certification requirements. In addition, on June 12, 2017, this court temporarily suspended Attorney Blessinger for failure to cooperate with an OLR disciplinary investigation into this misconduct. His law license remains suspended.

¶3 The OLR summary attached to Attorney Blessinger's petition for consensual revocation describes investigations into potential ethical violations involving seven different client matters from 2013 to 2017.

**Matter of D.H.**

¶4 On March 17, 2017, D.H. retained Attorney Blessinger and paid him $2,000 in cash to represent D.H. in a family law matter. Attorney Blessinger failed to enter an appearance in D.H.'s case. D.H. has not heard from or been able to reach Attorney Blessinger since March 17, 2017, and there is no evidence that Attorney Blessinger performed any legal services for D.H. Attorney Blessinger has not refunded any of the advanced fee paid by D.H.

3

¶5 The OLR's summary indicates that Attorney Blessinger's handling of D.H.'s matter involves potential violations of SCR 20:1.3,[2] SCR 20:1.4(a),[3] SCR 20:1.5(b)(1) and (2),[4] and

---

[2] SCR 20:1.3 provides a lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4(a) provides a lawyer shall:

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in SCR 20:1.0(f), is required by these rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

[4] SCR 20:1.5(b)(1) and (2) provides:

(1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(continued)

SCR 20:1.16(d).[5] Further, Attorney Blessinger has not cooperated in the OLR's investigation, implicating SCR 22.03(2),[6] SCR 22.03(6),[7] and SCR 20:8.4(h).[8]

---

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

[5] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a

(continued)

¶6    With respect to restitution, Attorney Blessinger has not refunded any of the advanced fee paid by D.H., and the OLR recommends and Attorney Blessinger agrees that the court should order Attorney Blessinger to pay $2,000 in restitution to D.H.

**Matter of R.K.**

¶7    In November 2016, R.K. retained Attorney Blessinger to represent her in a family law matter.  A third party, A.M., paid Attorney Blessinger $2,000 to represent R.K.   Attorney Blessinger promptly cashed the check, but failed to enter an appearance in R.K.'s case.  A.M. has not heard from or been able to reach Attorney Blessinger since November 2, 2016.  R.K. has not heard from or been able to reach Attorney Blessinger since March 15, 2017.  There is no evidence that Attorney Blessinger performed any legal work for R.K.  Attorney Blessinger has not refunded any of the advanced fee paid on behalf of R.K.

¶8    The OLR's summary indicates that Attorney Blessinger's handling of R.K.'s matter involves potential violations of SCR 20:1.3, SCR 20:1.4(a), SCR 20:1.5(b)(1) and (2), and SCR 20:1.16(d).  Further, Attorney Blessinger has not cooperated

---

disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1).

in the investigation, implicating SCR 22.03(2), SCR 22.03(6) and SCR 20:8.4(h).

¶9 With respect to restitution, Attorney Blessinger has not refunded any of the advanced fee paid on behalf of R.K. and the OLR recommends and Attorney Blessinger agrees that this court should order Attorney Blessinger to pay $2,000 in restitution to A.M.

**Matter of T.L**.

¶10 A.M. who paid Attorney Blessinger an advanced fee to represent R.K., also paid him $3,000 on September 16, 2016 to represent T.L. in a Sauk County matter. Attorney Blessinger cashed the check but there is no evidence that he performed any legal services for T.L. A.M. has not heard from or been able to reach Attorney Blessinger since November 2, 2016. Attorney Blessinger has not refunded any of the advanced fee paid by A.M. for representation of T.L.

¶11 The OLR's summary indicates that Attorney Blessinger's handling of A.M.'s matter involves potential violations of SCR 20:1.15(b)(1)[9] and SCR 20:1.15(e)(1).[10] Further, Attorney

---

[9] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[10] SCR 20:1.15(e)(1) provides:

(continued)

7

Blessinger has not cooperated in the investigation, implicating SC 22.03(2), SCR 22.03(6) and SCR 20:8.4(h).

¶12 With respect to restitution, Attorney Blessinger has not refunded any of the advanced fee paid by A.M. and the OLR recommends and Attorney Blessinger agrees that this court should order him to pay $3,000 in restitution to A.M.

**Matter of A.N.**

¶13 In May 2013, A.N. retained Attorney Blessinger to represent her in a divorce. Attorney Blessinger entered an appearance in May 2013 and A.N.'s judgment of divorce was entered in February 2015.

¶14 After the divorce order issued, motions were filed pertaining to a quit claim deed on the marital property in favor of A.N. Attorney Blessinger was supposed to facilitate the signing and filing of the quit claim deed. He faxed A.N a copy of the quit claim deed, but did not file it. A.N. has been unable to reach Attorney Blessinger by phone or email since July of 2016 and ultimately handled this filing herself.

---

Upon receiving funds or other property in which a client has an interest, or in which a lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

8

¶15 In September 2016, opposing counsel filed a series of motions. Attorney Blessinger was still A.N.'s attorney of record and A.N. sent him numerous emails and made numerous phone calls with no response. Attorney Blessinger never responded to the motions and again, A.N. was forced to represent herself. At some point in September 2016, Attorney Blessinger contacted A.N. claiming a family emergency meant that he would not be able to continue to represent her; he told her to hire other counsel, however, he did not timely file a motion to withdraw as counsel.

¶16 On October 28, 2016, after the OLR contacted him regarding this grievance, Attorney Blessinger told the OLR that A.N. had agreed to withdraw her grievance. This was not true. Attorney Blessinger finally sent A.N. a stipulation and order for withdrawal, and the court permitted him to withdraw on December 1, 2016.

¶17 On December 29, 2016, A.N. asked Attorney Blessinger for a copy of her file for a January 30, 2017 hearing. He did not respond. A.N. eventually obtained her file from the attorney representing Attorney Blessinger in the grievance investigation.

¶18 The OLR's summary indicates that Attorney Blessinger's handling of A.N.'s matter involves potential violations of SCR 20:1.3, SCR 20:1.4(a), SCR 20:1.16(d), and SCR 20:8.4(c).[11]

---

[11] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

Further, Attorney Blessinger has not cooperated in the investigation, implicating SCR 22.03(2), SCR 22.03(6) and SCR 20:8.4(h).

¶19 With respect to possible restitution, the OLR has indicated that the only billing statement it has in this matter appears to be for legal services that Attorney Blessinger rendered to A.N. from early June through July 11, 2016. It shows a total of $7,560 billed.

¶20 A.N. stated that she met with Attorney Blessinger sometime after October 28, 2016 and paid her bill in full, paying a total of $14,479.56. She says that Attorney Blessinger stated that any future work would be pro bono.

¶21 The OLR's policy is to seek restitution only under the following circumstances: (1) there is a reasonably ascertainable amount; (2) the funds to be restored were in the lawyer's direct control; (3) the funds to be restored do not constitute incidental or consequential damages; and (4) the grievant's or respondent's rights in a collateral proceeding will not likely be prejudiced. In this matter the OLR was unable to determine the full extent of Attorney Blessinger's work on A.N.'s behalf and thus does not recommend restitution to A.N. in this matter.

**Matter of T.S.**

¶22 On December 6, 2016, T.S. retained Attorney Blessinger to represent her in a family law matter. T.S. paid Attorney Blessinger $3,000 by check and Attorney Blessinger promptly cashed the check. However, Attorney Blessinger did not enter an appearance in T.S.'s case; T.S. has not heard from or been able

to reach Attorney Blessinger since December 21, 2016, and there is no evidence that Attorney Blessinger performed any legal services for T.S. The Wisconsin Lawyers' Fund for Client Protection eventually reimbursed T.S. for the $3,000 in legal fees she paid Attorney Blessinger.

¶23 The OLR's summary indicates that Attorney Blessinger's handling of T.S.'s matter involves potential violations of SCR 20:1.3, SCR 20:1.4(a), SCR 20:1.5(b)(1) and (2), and SCR 20:1.16(d). Further, Attorney Blessinger has not cooperated in the investigation, implicating SCR 22.03(2), SCR 22.03(6) and SCR 20:8.4(h).

¶24 With respect to restitution, Attorney Blessinger has not refunded any of the advanced fee that T.S. paid and the OLR recommends and Attorney Blessinger agrees that we should order Attorney Blessinger to pay $3,000 in restitution to the Wisconsin Lawyers' Fund for Client Protection, relating to the matter of T.S.

**Matter of L.W.**

¶25 In July 2016, L.W. retained Attorney Blessinger to represent her in a divorce. L.W. made advanced fee payments to Attorney Blessinger in the amount of $2,000 on August 18, 2016 and $3,000 on January 6, 2017. Attorney Blessinger entered an appearance on August 24, 2016. He appeared by telephone at a December 15, 2016 status conference, but failed to file his client's financial disclosure statement and did not otherwise act to meaningfully advance his client's interests in the divorce.

¶26 L.W. had trouble reaching Attorney Blessinger until February 22, 2017, when Attorney Blessinger informed her that a scheduling conference was to occur in her case the next day. On February 22, 2017, Attorney Blessinger and L.W. signed a stipulation allowing Attorney Blessinger's withdrawal from the matter. The court granted the motion to withdraw on February 23, 2017. L.W. was thereafter unable to reach Attorney Blessinger, despite numerous attempts, and was forced to retain successor counsel to conclude the divorce.

¶27 The OLR's summary indicates that Attorney Blessinger's handling of L.W.'s matter involves potential violations of SCR 20:1.3, 20:1.4(a)(3) and (4), SCR 20:1.5(a), and SCR 20:1.16(d).

¶28 With respect to restitution, Attorney Blessinger billed L.W. at a rate of $175 per hour, and, as of January 12, 2017, he had billed her a total of $2,248.75. There is no evidence that Attorney Blessinger did any work or billed any additional time after January 12, 2017. Accordingly, the OLR recommends and Attorney Blessinger agrees that this court should order Attorney Blessinger to pay L.W. restitution in the amount of $2,751.25.

**Matter of J.W.**

¶29 In June 2015, J.W. retained Attorney Blessinger to represent her in a post judgment family law matter and paid Attorney Blessinger $3,000. Attorney Blessinger entered an appearance on June 30, 2015 and attended mediation with J.W. that did not resolve the matter. J.W. states that Attorney

12

Blessinger left his firm in August 2015 and that she chose to retain Attorney Blessinger as her attorney.  J.W. has not heard from or been able to reach Attorney Blessinger since at least March 2017.  Attorney Blessinger withdrew from J.W.'s case on June 21, 2017.

¶30  The OLR's summary indicates that Attorney Blessinger's handling of J.W.'s matter involves potential violations of SCR 20:1.3, SCR 20:1.4(a), and SCR 20:1.5(b)(1) and (2).  Further, Attorney Blessinger has not cooperated in the investigation, implicating SCR 22.03(2), SCR 22.03(6) and SCR 20:8.4(h).

¶31 With respect to restitution, Attorney Blessinger performed some legal services in this matter and the OLR states that its investigation has not revealed any reasonably ascertainable restitution amount so it does not seek a restitution order in this matter.

¶32 Attorney Blessinger's petition for consensual revocation asserts that he is seeking the consensual revocation of his license freely, voluntarily, and knowingly.  He states that he cannot successfully defend himself against the allegations of misconduct summarized above and more fully described in the OLR's summary.  He understands that he is giving up his right to contest each misconduct allegation referenced in Appendix A.  Attorney Blessinger also acknowledges that he understands that he has a right to counsel, and indeed, he is represented by counsel.  The petition acknowledges that if the court grants the petition and revokes his license, Attorney

13

Blessinger will be subject to the requirements of SCR 22.26 and, should he ever wish to seek the reinstatement of his license, the reinstatement procedure set forth in SCRs 22.29-22.33.

¶33 Having reviewed Attorney Blessinger's petition, the OLR's summary of possible misconduct, and the OLR's October 31, 2017 written recommendation in support of the petition and restitution, we conclude that the petition for consensual revocation should be granted and that Attorney Blessinger should be required to pay restitution as set forth herein.

¶34 The facts here portray a repeated pattern of serious misconduct dating from 2013 and continuing until quite recently. The allegations of misconduct include dishonesty and multiple instances of Attorney Blessinger failing to diligently represent clients; failing to properly communicate with clients; failing to abide by fee agreement and trust account rules; failing to return upon termination of representation fees or property to which clients were entitled; and, failing to cooperate with the OLR's attempt to investigate his conduct. Attorney Blessinger's misconduct is serious and egregious. He is either unwilling or unable to conform his conduct to the standards that are required to practice law in this state. Anything less than a revocation of his law license would unduly depreciate the seriousness of his misconduct, fail to protect the public and the court system from further misconduct, and inadequately deter similar misbehavior by other attorneys. Revocation is clearly deserved.

¶35 We accede to the OLR's request to award restitution only in the matters identified herein. The OLR determined that

14

it could not be established that A.N. and J.W. are entitled to restitution, and there may be other as yet unidentified clients or third parties that may be entitled to restitution. We emphasize that if Attorney Blessinger were ever to seek the reinstatement of his license, he would be required to prove affirmatively that he had made full restitution to all persons injured or harmed by his misconduct. See SCR 22.29(4m).

¶36 Consistent with Attorney Blessinger's petition and the OLR's recommendation, we order Attorney Blessinger to pay $2,000 to D.H.; $2,000 and $3,000 to A.M. for two different matters; $2,751.25 to L.W., and $3,000 to the Wisconsin Lawyers' Fund for Client Protection.

¶37 Finally, because this matter is being resolved via a petition for consensual revocation without the need to appoint a referee or hold an extensive hearing, we do not impose costs on Attorney Blessinger.

¶38 IT IS ORDERED that the petition for consensual license revocation is granted.

¶39 IT IS ORDERED that the license of Jeffrey M. Blessinger to practice law in Wisconsin is revoked, effective the date of this order.

¶40 IT IS FURTHER ORDERED that Jeffrey M. Blessinger pay restitution in the following amounts:

- $2,000 to D.H.
- $2,000 and $3,000 ($5,000 in total) to A.M.
- $2,751.25 to L.W.

15

- $3,000 to the Wisconsin Lawyers' Fund for Client Protection.

¶41  IT IS FURTHER ORDERED that, to the extent he has not already done so, Jeffrey M. Blessinger shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶42  IT IS FURTHER ORDERED that the administrative suspension of Jeffrey M. Blessinger's license to practice law in Wisconsin, due to his failure to pay state bar dues, failure to comply with mandatory continuing legal education requirements, and failure to comply with trust account certification requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

16

¶43 ANN WALSH BRADLEY, J. *(concurring).* Although I join the opinion of the court, I write separately because I would order additional restitution to both clients A.N. and J.W. Accordingly, I respectfully concur.