# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP523-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick J. Hudec, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | Patrick J. Hudec, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HUDEC

| | |
|---|---|
| OPINION FILED: | April 18, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2017AP523-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Patrick J. Hudec, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

      **Complainant,**

**APR 18, 2019**

    **v.**

Sheila T. Reiff
Clerk of Supreme Court

**Patrick J. Hudec,**

      **Respondent.**

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   We review Referee Richard M. Esenberg's report and recommendation concluding that Attorney Patrick J. Hudec violated the rules of professional conduct in connection with his representation of two clients, D.B. and N.K.   The referee recommended that this court impose a 60-day suspension of Attorney Hudec's law license and condition Attorney Hudec's continued practice of law on his satisfaction of a monetary judgment entered in N.K.'s civil lawsuit against him.   We adopt the referee's findings of fact, conclusions of law, and

recommendation regarding discipline. We impose the full costs in this matter, which total $4,319.04 as of January 24, 2019.

¶2 Attorney Hudec was admitted to practice law in Wisconsin on May 21, 1979. He has a substantial disciplinary history: a 1989 consensual private reprimand; a 1993 consensual private reprimand; a 2001 consensual private reprimand; a 2008 consensual public reprimand; and a 2014 public reprimand.

¶3 On March 22, 2017, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Hudec alleging six counts of professional misconduct arising out of his representation of D.B. and N.K. Attorney Hudec moved to dismiss the complaint on a variety of grounds. This court appointed a referee, who denied the motion. Attorney Hudec then filed an answer in which he denied all misconduct.

¶4 Attorney Hudec later entered into a stipulation in which he agreed to plead no contest to the six counts of misconduct charged in the complaint. Attorney Hudec agreed that the referee could use the allegations of the complaint as a factual basis for the referee's determination of misconduct. The parties stipulated that a 60-day suspension was appropriate discipline. The parties further stipulated that, as a condition upon his continued practice of law, Attorney Hudec must comply with any judgment resulting from a pending civil case against him brought by N.K. The parties further agreed that the stipulation was not the result of plea bargaining; that Attorney Hudec's entry into the stipulation was knowing and voluntary; and that he understood the misconduct allegations made in the

2

OLR's complaint, his right to contest those allegations, his right to consult with counsel, and the ramifications of his entry into the stipulation.

¶5 In January 2019, the referee filed his report and recommendation. The referee accepted the parties' stipulation and found, based on the stipulation, that the following facts were true.

**Representation of D.B. (Counts 1-3)**

¶6 D.B.'s mother, J.A.R., died in May 2012. In June 2012, D.B. hired Attorney Hudec to represent her in her capacity as personal representative for her mother's estate. D.B. paid Attorney Hudec a $1,500 advanced fee. Attorney Hudec did not communicate the scope of the representation or the basis or rate of the fee in writing to D.B. within a reasonable time of commencing the representation, nor did he provide her with a written communication explaining the purpose and effect of the advanced fee.

¶7 J.A.R.'s will was admitted to probate. On November 16, 2012, C.D., another daughter of J.A.R., filed a claim against the estate concerning payments made on her mother's behalf and an asserted interest in a house she had shared with her mother. Attorney Hudec received a copy of the claim.

¶8 Attorney Hudec failed to file an objection to C.D.'s claim within 60 days as required by Wis. Stat. § 859.33. He also failed to promptly respond to several of D.B.'s emails and telephone calls requesting information regarding the status of the estate proceeding.

3

¶9 On November 6, 2013, nearly a year after C.D. filed her claim, C.D.'s counsel moved for a default judgment on the claim, as well as for a protective order relating to discovery.

¶10 On November 20, 2013, Attorney Hudec filed an objection to C.D.'s claim, a motion for an extension of time for objections to claims, and various filings in opposition to C.D.'s motions for default judgment and for a protective order.

¶11 In a December 23, 2013 order, the circuit court granted C.D.'s motion for default judgment. The circuit court also granted C.D.'s requested protective order.

¶12 On December 30, 2013, C.D. filed a notice of entry of judgment.

¶13 On January 8, 2014, Attorney Hudec filed a motion for reconsideration and a "Motion to Reopen Judgment." The circuit court denied these motions, noting that Attorney Hudec's failure to timely file an objection to C.D.'s claim was not the result of excusable neglect, but rather was part of a pattern of late filings in his handling of the estate proceedings.

¶14 Attorney Hudec did not timely appeal from the circuit court's default judgment. He did, however, timely appeal from the circuit court's order denying the estate's motions for reconsideration and to "reopen" the default judgment.

¶15 In November 2014, the court of appeals affirmed the circuit court's order. In doing so, it noted the circuit court's observation that Attorney Hudec had engaged in a pattern of missed deadlines for reasons that did not meet the standard for excusable neglect.

4

¶16 In March 2015, the circuit court ordered that D.B. continue as the personal representative and retain new counsel.

¶17 In a November 2015 letter to the OLR, D.B. stated that Attorney Hudec had not provided her with copies of the circuit court and appellate decisions; that he had provided "only a general synopsis of what took place"; that successor counsel had provided her with copies of these decisions; and that she was "astonished" by what she read and disappointed in the amount of information Attorney Hudec had withheld from her.

¶18 In February 2016, the circuit court entered a final judgment, entered an order discharging the personal representative, and closed the case.

¶19 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to communicate the scope of the representation and the basis or rate of the fee in writing to D.B. within a reasonable time after commencing the representation, and by failing to communicate the purpose and effect of the advanced fee in writing to D.B., Attorney Hudec violated SCR 20:1.5(b)(1) and (2)[1] (Count 1).

---

[1] SCR 20:1.5(b) provides:

> (1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be

(continued)

5

¶20  The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to timely object to C.D.'s claim against the Estate, by failing to timely appeal from the trial court's default judgment, and by failing to comply with several deadlines during the case, Attorney Hudec violated SCR 20:1.3[2] (Count 2).

¶21  The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to keep D.B. reasonably informed about the status of the case and by failing to promptly respond to several of D.B.'s requests for information regarding the case, Attorney Hudec violated SCR 20:1.4(a)(3) and (4)[3] (Count 3).

**Representation of N.K. (Counts 4-6)**

---

oral or in writing.  Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

[2] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a) provides:  "A lawyer shall:

(3) keep the client reasonably informed about the status of the matter.

(4) promptly comply with reasonable requests by the client for information."

¶22 In January 2012, N.K. hired Attorney Hudec to pursue a defamation claim against B.K. regarding B.K.'s complaint to the Better Business Bureau about N.K.'s business. In April 2012, Attorney Hudec filed a defamation suit on behalf of N.K. and her business against B.K. and B.K.'s husband, D.K.

¶23 In June 2012, D.K. filed a motion for sanctions on the basis that there was no evidence he was a party to the alleged defamation and, therefore, he should not have been named as a defendant. Also in June 2012, B.K. filed an answer and affirmative defenses to N.K.'s complaint, and D.K. filed a counterclaim and a motion to dismiss.

¶24 In July 2012, Attorney Hudec filed documents in opposition to D.K.'s motions for sanctions and to dismiss.

¶25 In August 2012, the circuit court held a hearing and granted D.K.'s motion to dismiss on the ground that there was no evidence to justify naming him as a party. The circuit court denied D.K.'s motion for sanctions.

¶26 In October 2012, Attorney Hudec filed a reply to the counterclaim and motion to dismiss that D.K. had filed several months earlier. D.K. responded by moving to strike Attorney Hudec's filing as untimely and moving for a default judgment on the counterclaim. The circuit court ultimately granted D.K.'s motions. Attorney Hudec failed to adequately communicate that fact to N.K.

¶27 Over the following months, Attorney Hudec missed a variety of court-imposed deadlines. In April 2013, B.K. filed a motion for sanctions as a result of these missed deadlines.

7

Attorney Hudec failed to inform N.K. of this motion, and failed to inform her of the subsequently scheduled hearing on the motion. Attorney Hudec then failed to appear at the sanctions hearing. The circuit court dismissed plaintiffs' case with prejudice, finding Attorney Hudec's actions were egregious, extreme, substantial, and persistent. The circuit court noted the following facts: (1) Attorney Hudec had been granted extensions for various medical issues; (2) court-mandated mediation never took place; (3) Attorney Hudec failed to provide requested discovery to opposing counsel; (4) Attorney Hudec failed to file a pretrial report; and (5) Attorney Hudec stated that he intended to withdraw as counsel for plaintiff, but failed to so do, filing only unsigned documents.

¶28 As a sanction for failing to comply with its scheduling order, the circuit court imposed attorney's fees of $3,862.50 against plaintiffs and Attorney Hudec. The court gave plaintiffs leave to seek relief from the imposition of attorney's fees by filing a motion with the court.

¶29 The circuit court kept a scheduled final pretrial conference on its calendar to discuss matters related to D.K.'s counterclaim. N.K. appeared at the final pretrial conference. Attorney Hudec did not. N.K. did not know that Attorney Hudec would not be in attendance. She did not know that the circuit court had dismissed her claims against the defendants. She did not know that the circuit court had imposed sanctions against her and Attorney Hudec.

8

¶30 In May 2013, N.K. paid an amount to the defendants in order to settle the default judgment that D.K. had obtained on his counterclaim.

¶31 In June 2013, N.K. retained a new lawyer and satisfied the sanctions judgment in favor of the defendants.

¶32 In December 2016, N.K. filed a civil suit against Attorney Hudec, his law office, and his insurance carrier, if any, seeking recovery of her previous payments to Attorney Hudec and other damages she alleged were caused by him. This lawsuit was pending at the time of the parties' stipulation. Although the referee's report does not note as much, the court takes judicial notice that, according to Wisconsin's Consolidated Court Automation Programs (CCAP) records, a $9,235.48 judgment against Attorney Hudec and in N.K.'s favor was entered on December 14, 2018, and Attorney Hudec has not filed a notice of appeal of the judgment.

¶33 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to timely file a reply to D.K.'s counterclaim resulting in the court striking plaintiffs' pleading and granting default judgment on the counterclaim, and by failing to comply with the court's scheduling order, Attorney Hudec violated SCR 20:1.3 (Count 4).

¶34 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to inform N.K. that he did not timely file a reply to D.K.'s counterclaim, by failing to inform N.K. that the court granted a default judgment on the counterclaim, and by otherwise failing to keep N.K. reasonably

9

informed about the status of the case, Attorney Hudec violated SCR 20:1.4(a)(3) (Count 5).

¶35 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to make a reasonably diligent effort to comply with defendants' discovery requests, Attorney Hudec violated SCR 20:3.4(d)[4] (Count 6).

¶36 The referee recommended a 60-day suspension of Attorney Hudec's license in his report. The referee noted that Attorney Hudec has an extensive disciplinary record (three private and two public reprimands), and that his previous misconduct included neglect similar to what occurred here. See, e.g., Public Reprimand of Patrick J. Hudec, No. 2008-2 (electronic copy available at https://compendium.wicourts.gov/app/raw/002005.html) (imposing a public reprimand for misconduct that included failing to act with reasonable diligence and promptness, failing to keep his client reasonably informed, and failing to timely respond to the OLR's investigative efforts); In re Disciplinary Proceedings Against Hudec, 2014 WI 46, 354 Wis. 2d 728, 848 N.W.2d 287 (imposing a public reprimand for misconduct that included failing to provide competent representation; e.g., gross inattention to detail in circuit court litigation, filing a principal appellate brief rife with grammatical and spelling

---

[4] SCR 20:3.4(d) provides: "A lawyer shall not in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."

10

errors, and filing an appellate reply brief that was struck as untimely and was not served on opposing counsel).

¶37  The referee also pointed to certain cases that support a 60-day suspension under similar circumstances.  See In re Disciplinary Proceedings Against Moldenhauer, 2016 WI 43, 369 Wis. 2d 1, 879 N.W.2d 605 (imposing a 60-day suspension for failing to act with reasonable diligence and promptness and failing to keep a client reasonably informed; respondent-lawyer's disciplinary history included a private reprimand and three public reprimands for similar misconduct); In re Disciplinary Proceedings Against Theobald, 2010 WI 102, 329 Wis. 2d 1, 786 N.W.2d 834 (imposing a 60-day suspension for failing to act with reasonable diligence and promptness and failing to keep a client reasonably informed; respondent-lawyer's disciplinary history included two public reprimands for similar misconduct); In re Disciplinary Proceedings Against Anderson, 2010 WI 39, 324 Wis. 2d 627, 782 N.W.2d 100 (imposing a 60-day suspension for failing to act with reasonable diligence and promptness and failing to properly communicate with a client; respondent-lawyer's disciplinary history included two public reprimands and a private reprimand for similar misconduct).

¶38  The referee also deemed it reasonable for the court to require Attorney Hudec to comply with any judgment resulting from N.K.'s lawsuit against him——a term the parties agreed to in their stipulation.

¶39 Neither party appealed the referee's report, so this matter is submitted to the court for review pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶40 We agree with the referee that a 60-day suspension is appropriate. Clearly, Attorney Hudec's many previous reprimands have not impressed upon him the importance of his ethical obligations. "This court has long adhered to the concept of progressive discipline in attorney regulatory cases." In re Disciplinary Proceedings Against Netzer, 2014 WI 7, ¶49, 352 Wis. 2d 310, 841 N.W.2d 820. A suspension is the next step in the progressive discipline process, and Moldenhauer, Theobald, and Anderson instruct that under circumstances like those present here, a 60-day suspension is appropriate.

¶41 We turn next to the issue of restitution. The OLR did not request restitution related to Attorney Hudec's representation of D.B. The OLR reports that while some of Attorney Hudec's work on D.B.'s mother's estate was clearly deficient, its investigation did not provide a reasonably ascertainable amount of funds to be restored. In addition, the OLR reports, any losses the estate incurred as a result of

12

Attorney Hudec's failure to object to C.D.'s claim would constitute incidental or consequential damages, as opposed to funds that were under Attorney Hudec's direct control. Given these circumstances, we agree with the OLR that no restitution is warranted related to the D.B. matter. See In re Disciplinary Proceedings Against Blessinger, 2017 WI 107, ¶21, 378 Wis. 2d 539, 905 N.W.2d 122 (noting that the OLR's policy is to seek restitution only when, among other things, there is a reasonably ascertainable amount of restitution, and the funds to be restored were in the lawyer's direct control and do not constitute incidental or consequential damages).

¶42 Although the OLR did not seek restitution related to the N.K. matter, the parties stipulated, and the referee agreed, that the court should condition Attorney Hudec's continued practice of law on his satisfaction of any monetary judgment entered in N.K.'s civil lawsuit against him. As mentioned above, CCAP records show that N.K. obtained a $9,235.48 judgment against Attorney Hudec in December 2018. Consistent with the parties' stipulation and the referee's recommendation, we deem it appropriate to require, as a condition of the reinstatement of his Wisconsin law license, that Attorney Hudec satisfy this judgment.

¶43 Finally, we deem it appropriate to impose the full costs of this disciplinary proceeding on Attorney Hudec, as is our usual custom. See SCR 22.24(1m).

¶44 IT IS ORDERED that the license of Patrick J. Hudec is suspended for a period of 60 days, effective May 30, 2019.

13

¶45  IT IS FURTHER ORDERED that within 60 days of the date of this order, Patrick J. Hudec shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,319.04 as of January 24, 2019.

¶46  IT IS FURTHER ORDERED that, as a condition of reinstatement of his license to practice law in Wisconsin, Patrick J. Hudec shall satisfy the judgment issued against him and in N.K.'s favor in connection with the misconduct described herein.

¶47  IT IS FURTHER ORDERED that Patrick J. Hudec shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶48  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).