COURT OF APPEALS
DECISION
DATED AND FILED

November 10, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP1907**

Cir. Ct. No. 2025JV59

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN THE INTEREST OF A.A., A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

   PETITIONER-RESPONDENT,

V.

A.A.,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: KRISTIN M. CAFFERTY, Judge. *Affirmed.*

¶1    NEUBAUER, P.J.[1] A.A., a juvenile referred to herein by the pseudonym Adrian, appeals from a nonfinal order granting the State's petition to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

waive him from juvenile court into adult court.[2]  Before the circuit court granted the State's waiver petition, Adrian had been waived into adult court in a related matter pending in the Kenosha County Circuit Court.  The court in this case relied on that prior waiver in concluding that waiver was also required here under a provision in Wisconsin's juvenile justice code, WIS. STAT. § 938.183(1)(b), and the "once waived, always waived" principle articulated in *State v. Hinkle*, 2019 WI 96, 389 Wis. 2d 1, 935 N.W.2d 271.  Adrian argues that the court erred in construing these legal authorities to require waiver into adult court.  For the reasons explained below, this court disagrees and affirms the order.

## BACKGROUND

¶2      The relevant facts are brief and undisputed.  The State filed a delinquency petition in the Racine County Circuit Court against Adrian on April 3, 2025, alleging counts of (1) armed carjacking (WIS. STAT. § 943.231(1)); (2) armed robbery (WIS. STAT. § 943.32(2)); (3) first-degree recklessly endangering safety (WIS. STAT. § 941.30(1)); and (4) possession of a dangerous weapon by a person under 18 years of age (WIS. STAT. § 948.60(2)(a)).  These charges arose out of an incident that began in Racine County the previous day, April 2, 2025, in which Adrian and another individual allegedly stole a vehicle, robbed the driver at gunpoint, and then fled from police in the vehicle, and later on foot, until they were apprehended in Kenosha County.

¶3      Several weeks later, the State filed a delinquency petition against Adrian in the Kenosha County Circuit Court arising out of the events of April 2

---

[2]  This court granted leave to appeal the order.  *See* WIS. STAT. RULE 809.50(3).

that occurred in Kenosha County. In both the Racine County and Kenosha County proceedings, the State filed petitions seeking waiver of juvenile court jurisdiction. Although the Kenosha County proceeding was commenced after the Racine County proceeding, the Kenosha County Circuit Court was first to act on the State's waiver request. According to records from the Circuit Court Access Program (CCAP) website, the Kenosha County Circuit Court granted the State's waiver petition on June 26, 2025, and the State filed a criminal complaint against Adrian in that court that same day.[3] *See* Kenosha County Circuit Court Case No. 2025CF905.

¶4      The Racine County Circuit Court held a hearing on the State's waiver request on July 14, 2025. Adrian argued that the Kenosha County waiver did not require waiver in the Racine County juvenile proceeding under WIS. STAT. § 938.183(1)(b) and *Hinkle*. The circuit court disagreed, granted the State's waiver petition, and dismissed the delinquency petition so that the charges could be filed in adult court.

## DISCUSSION

¶5      On appeal, Adrian renews his argument that WIS. STAT. § 938.183(1)(b) and *Hinkle* do not mandate adult court jurisdiction over this proceeding. This court independently interprets the statute and applies it to the facts here. *Hinkle*, 389 Wis. 2d 1, ¶14.

---

[3] We can take judicial notice of CCAP records under WIS. STAT. § 902.01. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522; *OLR v. Hudec*, 2019 WI 39, ¶32, 386 Wis. 2d 371, 925 N.W.2d 540 (per curiam).

¶6      WISCONSIN STAT. § 938.12(1) confers exclusive juvenile court jurisdiction, "except as provided in [WIS. STAT. §§] 938.17, 938.18, and 938.183, over any juvenile 10 years of age or older who is alleged to be delinquent." Section 938.183(1)(b) provides, as relevant here, that "courts of criminal jurisdiction have exclusive original jurisdiction over"

> [a] juvenile who is alleged to have violated any state criminal law if … the court assigned to exercise jurisdiction under this chapter and [WIS. STAT.] ch. 48 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending.

Sec. 938.183(1)(b).

¶7      In *Hinkle*, our supreme court applied this statute in the context of proceedings commenced against a juvenile in two counties. In that case, the State filed delinquency petitions against Hinkle in Milwaukee County and Fond du Lac County arising out of a carjacking and subsequent flight from police that began in Milwaukee County and ended in Fond du Lac County. *Hinkle*, 389 Wis. 2d 1, ¶¶5-7. The State also filed petitions in both counties to waive juvenile jurisdiction. *Id.*, ¶8. The Milwaukee County Circuit Court granted the State's petition. *Id.* The Fond du Lac County Circuit Court also granted the State's petition, reasoning that WIS. STAT. § 938.183(1)(b) required waiver because of the prior waiver in Milwaukee County. *Id.*, ¶9.

¶8      Hinkle challenged the Fond du Lac County waiver, arguing that WIS. STAT. § 938.183(1)(b) "mandat[ed] automatic adult-court original jurisdiction only within the county in which a previous waiver occurred." *Hinkle*, 389 Wis. 2d 1, ¶23. Thus, because the first waiver occurred in Milwaukee County, it did not require a waiver in Fond du Lac County. *Id.* Our supreme court

4

disagreed, concluding that the statute "does not impose a county-specific limitation for the 'once waived, always waived' rule." *Id.*, ¶31. Instead, the court construed the statute to mean that

> [w]henever a juvenile court … has previously waived a juvenile—who is alleged to be in violation of any state law and that juvenile is either convicted or the criminal proceeding is still pending—courts of criminal jurisdiction <u>anywhere</u> in Wisconsin have exclusive original jurisdiction. The waiver by the juvenile court means that any pending or future violations by that juvenile must begin in adult criminal court pursuant to the exclusive original jurisdiction assigned to courts of criminal jurisdiction under WIS. STAT. § 938.183(1). Once waived, always waived.

*Id.*, ¶30.

¶9 Adrian argues that *Hinkle*'s "once waived, always waived" principle does not control here because WIS. STAT. § 938.183(1)(b) only mandates adult-court jurisdiction if a prior waiver is for a "previous violation." He contends that the phrase "previous violation" in paragraph (1)(b) is limited to circumstances in which the underlying conduct in the proceeding in which the first waiver is granted occurs before the conduct underlying the proceeding in which the subsequent waiver is sought. Applying that interpretation here, he notes that the first waiver occurred in the Kenosha County proceeding but the conduct underlying the charges there occurred *after* the conduct underlying the charges in the Racine County proceeding. Thus, in his view, the Kenosha County waiver was not "for a previous violation" under § 938.183(1)(b), and the circuit court was wrong to conclude that that provision required a waiver in this case.

¶10 When interpreting statutory language, this court's task "is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58,

¶44, 271 Wis. 2d 633, 681 N.W.2d 110. To do so, this court gives the language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*, ¶45. This court interprets statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶11 Adrian's argument focuses on the phrase "previous violation" in WIS. STAT. § 938.183(1)(b). Neither that phrase nor its components are defined in WIS. STAT. ch. 938. Thus, we may look to dictionary definitions to ascertain their common and ordinary meaning. *See Cree, Inc. v. LIRC*, 2022 WI 15, ¶16, 400 Wis. 2d 827, 970 N.W.2d 837. "Previous" has similar definitions in several well-known dictionaries:

- "[G]oing before in time or order." *Previous*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/previous (last visited Nov. 6, 2025).

- "Coming or going before (in time or order); foregoing, preceding, antecedent." *Previous*, The Oxford English Dictionary, https://www.oed.com/dictionary/previous_adj?tab=meaning_and_use#2 8278024 (last visited Nov. 6, 2025).

- "Existing or occurring before something else in time or order[.]" *Previous*, The American Heritage Dictionary, https://ahdictionary.com/word/search.html?q=previous (last visited Nov. 6, 2025).

6

"Violation" refers to "[a]n infraction or breach of the law." *Violation*, BLACK'S LAW DICTIONARY (12th ed. 2024). Drawing on these definitions to give meaning to "previous violation" in § 938.183(1)(b), the phrase refers to an infraction or breach of the law that comes or occurs before another violation for which waiver is sought, either in time or order.

¶12   Adrian's proffered interpretation of "previous violation" would restrict the scope of that phrase beyond that suggested by the definitions of its components set forth above. In his view, WIS. STAT. § 938.183(1)(b) would only mandate adult court jurisdiction if a prior waiver pertained to a violation that occurred earlier in time. But he points to no language in paragraph (1)(b) or elsewhere in § 938.183 that supports this narrower interpretation of "previous violation." He asserts that "subsequent" conduct cannot logically be a "previous violation." This court disagrees: a "previous violation" can simply be one for which a waiver has already been granted, regardless of the chronological order of the underlying conduct.

¶13   This interpretation of "previous violation" accords with the *Hinkle* court's description of the statutory language. In *Hinkle*, the court agreed that WIS. STAT. § 938.183(1)(b) "give[s] circuit courts across Wisconsin original adult-court jurisdiction over crimes committed by juveniles who have been previously waived into adult court when those prior proceedings are still pending or when the prior proceedings resulted in conviction." *Hinkle*, 389 Wis. 2d 1, ¶3. It stated that "[p]aragraph (1)(b) places a juvenile under adult court jurisdiction when the juvenile is 'alleged to have violated any state criminal law' … [and] when the juvenile court waived its jurisdiction on a violation where criminal proceedings are still pending." *Id.*, ¶29 (quoting § 938.183(1)(b)). Neither *Hinkle* nor the language in paragraph (1)(b) limit its applicability to situations in which a juvenile

has already been waived for conduct that occurred before the conduct for which a subsequent waiver is sought.

¶14 The conditions for exclusive adult court jurisdiction set forth in WIS. STAT. § 938.183(1)(b) are satisfied here. Adrian was charged with multiple violations of Wisconsin's criminal laws in the Racine County proceeding. At the time the circuit court considered the State's waiver request, the Kenosha County Circuit Court had already waived Adrian into adult court with respect to the charges filed against him in that county, and proceedings on those charges were still pending. Under these circumstances, the circuit court correctly granted the State's petition and waived Adrian into adult court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.