COURT OF APPEALS
DECISION
DATED AND FILED

December 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2306-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CT305

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MATTHEW JOHN FLYNN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Ozaukee County: STEVEN M. CAIN, Judge.  *Affirmed*.

¶1    NEUBAUER, P.J.[1]  Matthew John Flynn appeals from a judgment entered after he pled guilty to one count of operating a motor vehicle while

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

intoxicated (OWI), third offense, contrary to WIS. STAT. § 346.63(1)(a). Defendants charged with OWI "face[] an escalating set of penalties depending on the number of prior convictions." *State v. Clark*, 2022 WI 21, ¶1, 401 Wis. 2d 344, 972 N.W.2d 533. Thus, before he pled guilty, Flynn filed a motion challenging the validity of an earlier OWI conviction. The circuit court denied that motion. On appeal, Flynn argues that decision was erroneous because his motion alleged sufficient facts to suggest that the prior conviction did not rest upon a knowing, intelligent, and voluntary waiver of his right to counsel. For the reasons that follow, this court disagrees and affirms the judgment.

## BACKGROUND

¶2 In August 2023, the State filed a complaint charging Flynn with one count of OWI, third offense. The State later amended its complaint to add a count of operating a motor vehicle with a prohibited alcohol concentration (PAC), third offense, contrary to WIS. STAT. § 346.63(1)(b).

¶3 Flynn filed several pretrial motions, including a motion collaterally attacking a prior OWI conviction entered against him in 2011 by the Sheboygan County Circuit Court. Flynn argued that his plea in the 2011 case, in which he proceeded pro se, was invalid because the plea questionnaire and waiver of attorney form he signed in connection with his plea incorrectly listed the maximum possible penalty he faced as 30 days in jail.[2] Flynn conceded that a transcript of the plea hearing was not available but argued that the plea questionnaire and waiver of attorney form were sufficient, under *State v. Ernst*,

---

[2] The maximum amount of imprisonment possible was six months. *See* WIS. STAT. § 346.65(2)(am)2. (2011-12).

2005 WI 107, 283 Wis. 2d 300, 699 N.W.2d 92, to make a prima facie case that his waiver of counsel in the 2011 case was invalid and shift the burden to the State to prove that his waiver was knowing, intelligent, and voluntary.

¶4 Flynn correctly identified the "mandatory minimum penalty" in the plea questionnaire as "5 days Jail 1 yr Suspension." Under a section of the plea agreement entitled "Voluntary Plea," Flynn wrote the following describing the plea agreement: "If I do well in everything I get 5 days Jail and 1 yr Suspension." (Formatting altered.) Flynn wrote the following on the waiver of attorney form to identify what he understood were the minimum and maximum penalties for his plea: "5 days Jail & 1 yr Susp. 30 days & 2 yrs susp." According to records from the Circuit Court Access Program (CCAP) website, the Sheboygan County Circuit Court accepted Flynn's no contest plea on June 1, 2011, sentenced him to five days in jail, and revoked his operator's license for 12 months—the minimum penalty which Flynn had acknowledged in the plea agreement.[3]

¶5 The circuit court in the present case[4] held a hearing in March 2024 at which it concluded that Flynn had not met his burden of proof and denied his motion. Flynn then filed an amended motion along with the plea questionnaire, waiver of attorney form, and an affidavit in which he averred that the court did not inform him what the maximum penalty was at the time of his 2011 plea, did not correct the misidentification of the maximum penalty in the plea questionnaire and

---

[3] We can take judicial notice of CCAP records under WIS. STAT. § 902.01. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522; *OLR v. Hudec*, 2019 WI 39, ¶32, 386 Wis. 2d 371, 925 N.W.2d 540 (per curiam).

[4] The Honorable Paul V. Malloy presided at the March 2024 hearing and denied Flynn's motion.

waiver of attorney form, and that "[h]ad the seriousness of [his] waiver of counsel been more fully explained to [him] …, [he] would have reconsidered whether it was wise to proceed *pro se*."

¶6      The circuit court[5] held a hearing on Flynn's amended motion in September 2024 at which it questioned the viability of Flynn's argument in light of our supreme court's decision in *Clark*, in which the court held that where no transcript of a prior OWI plea colloquy is available, "the defendant must carry the burden to demonstrate that a violation occurred."  *Clark*, 401 Wis. 2d 344, ¶20. Flynn argued that *Clark* did not control the present case because Flynn could point to "other portions of the record"—the plea questionnaire and waiver of attorney form—to establish that he "didn't know what the maximum penalties were."

¶7      At a subsequent hearing in November 2024, the circuit court denied Flynn's amended motion.  The court relied on the "presumption of regularity" afforded to prior convictions, *see id.*, ¶13, and concluded that the documents Flynn submitted did not overcome the presumption that the colloquy that preceded his 2011 plea had been properly conducted.  Flynn then pled guilty to the OWI count and the court dismissed the PAC count.

## DISCUSSION

¶8      A defendant may collaterally attack a prior OWI conviction where he "was not represented and did not knowingly, intelligently, and voluntarily waive the right to counsel."  *Id.*, ¶10.  To help secure a valid waiver, circuit courts must conduct a colloquy that ensures a defendant is: (1) deliberately choosing to

---

[5] The Honorable Steven M. Cain was assigned to the case in June 2024.

proceed without counsel; (2) "aware of the difficulties and disadvantages of self-representation"; (3) "aware of the seriousness of the charge or charges against him"; and (4) "aware of the general range of [potential] penalties." *State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997). The absence of a *Klessig* colloquy does not automatically invalidate a prior conviction, but may "serve as the basis for a collateral attack." *Clark*, 401 Wis. 2d 344, ¶17.

¶9     "[This court] review[s] de novo '[w]hether a defendant knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel.'" *State v. Gracia*, 2013 WI 15, ¶11, 345 Wis. 2d 488, 826 N.W.2d 87 (alteration in original; quoting *Ernst*, 283 Wis. 2d 300, ¶10). In doing so, "[this court] appl[ies] constitutional principles to the facts of the case." *Gracia*, 345 Wis. 2d 488, ¶11. This court will uphold the circuit court's findings of fact unless they are "against the great weight and clear preponderance of the evidence." *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted).

¶10     In *Clark*, our supreme court discussed the procedural framework that applies to collateral challenges to prior OWI convictions. There the court looked to its "plea withdrawal jurisprudence" and explained that plea withdrawal challenges are governed by either "a default procedure" or "an alternate procedure." *Clark*, 401 Wis. 2d 344, ¶¶12-13. "The default procedure, articulated in *State v. Bentley*, [201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996),] places the burden on the defendant to prove a plea's deficiency." *Clark*, 401 Wis. 2d 344, ¶13. It "'embodies the general rule that a defendant seeking to withdraw a guilty or no contest plea after sentencing must prove manifest injustice by clear and convincing evidence.'" *Id.* (quoting *State v. Negrete*, 2012 WI 92, ¶29, 343 Wis. 2d 1, 819 N.W.2d 749). "The alternate procedure, articulated in *State v.*

*Bangert*, [131 Wis. 2d 246, 274-75, 389 N.W.2d 12 (1986),] applies when the defendant identifies a defect in the relevant proceeding's record"—specifically, "an error in the plea colloquy by reference to the plea colloquy transcript." *Clark*, 401 Wis. 2d 344, ¶14 (citation omitted). In that narrow circumstance, "after the defendant identifies a deficiency, the burden shifts to the State to prove the conviction's sufficiency." *Id.*

¶11 After discussing these procedures, the court in *Clark* noted that it had applied *Bangert*'s burden-shifting procedure to a collateral challenge in *Ernst*. *Clark*, 401 Wis. 2d 344, ¶17. Importantly, however, the court noted that "*Ernst*'s collateral attack involved a conviction for which there was a transcript in the record." *Clark*, 401 Wis. 2d 344, ¶17. The record in *Clark*, by contrast, did not include a transcript. For that reason, the court concluded that Clark's collateral challenge was not governed by *Bangert*'s burden-shifting procedure. *Clark*, 401 Wis. 2d 344, ¶18. Instead, Clark retained "the burden to demonstrate that a violation occurred." *Id.*, ¶20.

¶12 Flynn acknowledges *Clark*'s holding but argues that *Ernst*, which *Clark* did not overrule or abrogate, stands for the proposition that a defendant can establish a prima facie case and shift the burden by pointing to other portions of the record that show that the defendant did not knowingly, intelligently, and voluntarily waive his right to counsel. He argues that *Clark* "cannot be viewed as barring the use of portions of a record apart from the transcript in order to establish the *prima facie* burden under either *Ernst* or *Klessig*, both of which remain good law."

¶13 This court disagrees. The supreme court in *Clark* was unequivocal in identifying the availability of a transcript as the determining factor in whether

6

the ***Bentley*** procedure or ***Bangert***'s burden-shifting procedure applies in a collateral challenge. In his principal brief, Flynn quotes two passages from ***Clark*** that make this point unmistakably clear. The first is contained in paragraph 15 of the majority opinion, where the ***Clark*** court quotes the following excerpt from ***Negrete*** to explain why ***Bangert*** does not apply in the absence of a transcript:

> Where the transcript of the plea hearing is unavailable, however, ***Bangert***'s burden[-]shifting procedure does not apply, because: (1) the defendant will not be able to make the requisite showing from the transcript that the circuit court erred in the plea colloquy, and (2) the rationale underlying ***Bangert***'s burden[-]shifting rule does not support extending that rule to situations where a violation is not evident from the transcript.

***Clark***, 401 Wis. 2d 344, ¶15 (quoting ***Negrete***, 343 Wis. 2d 1, ¶31). The second passage is the ***Clark*** court's summary of its holding:

> To recap, if a defendant collaterally attacking a prior OWI/PAC conviction cannot point to a defect in the relevant transcript, the burden-shifting procedure does not apply. Instead, the defendant must carry the burden to demonstrate that a violation occurred.

***Clark***, 401 Wis. 2d 344, ¶20. This court sees nothing in ***Clark*** to suggest that portions of the record other than the transcript may be used to trigger the ***Bangert*** burden-shifting procedure.

¶14 Thus, Flynn's collateral challenge is governed by the ***Bentley*** standard. This means that his 2011 conviction is afforded a presumption of regularity, and Flynn "faces a heavy burden to overcome that presumption." *See* ***Clark***, 401 Wis. 2d 344, ¶13. It also means that Flynn retains the burden to prove, by clear and convincing evidence, that invalidating the prior conviction is necessary to correct a manifest injustice. *See* ***id.***

¶15 Here, to overcome the presumption of regularity, Flynn offered the plea questionnaire, waiver of attorney form, and his affidavit in which he stated that the circuit court "did not inform [him] of what the maximum penalties for the [OWI] charge were" when he entered his plea and did not "correct the information that [he] had included in" the plea questionnaire and waiver of attorney form. Even if this court were to conclude that these documents were sufficient to overcome the presumption that Flynn's waiver of counsel was valid, he has not demonstrated that a manifest injustice occurred because the circuit court in the 2011 case accepted his plea. Flynn has not alleged that he was adversely affected by any defect in his plea colloquy; to the contrary, he received the benefit of the plea agreement. Flynn was charged with OWI, second offense, which carried a maximum prison sentence of six months. *See* WIS. STAT. § 346.65(2)(am)2. (2011-12). In accepting the plea, the court sentenced him to the minimum possible term of confinement, five days. His situation is not one in which the court failed to correct his apparent belief that he faced, at most, 30 days' imprisonment and then sentenced him to a term of confinement longer than that. Instead, Flynn received the shortest possible sentence for his plea. *See **id.***

¶16 Moreover, in the affidavit he filed with his amended motion, Flynn merely asserted that "[h]ad the seriousness of [his] waiver of counsel been more fully explained to [him] …, especially in light of [his] potential exposure to the maximum jail time, [he] would have reconsidered whether it was wise to proceed *pro se*." This vague allegation that he might have consulted with counsel is not enough to show a manifest injustice. Flynn does not explain how or why knowing the maximum penalty of six months would have impacted his decision to waive counsel, much less to plead no contest. He does not explain why he would have consulted with counsel had he known that he faced a maximum punishment of 6

months imprisonment rather than 30 days. He does not aver that he would not have waived his right to counsel, or that he would not have entered a plea in the 2011 case to accept the mandatory minimum. He does not contend that he would not have accepted the plea agreement and gone to trial. He does not contend that he would not have been found guilty had he done so, much less explain why that would be the case. For these reasons, his amended motion did not show that invalidation of the 2011 conviction was necessary to correct a manifest injustice. The circuit court did not err in denying Flynn's amended motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.